Robinson v. Palatine Insurance Co.

[No. 887.    October 2, 1901.]

## T. P. ROBINSON, Appellee, v. PALATINE INSURANCE COMPANY (limited) OF MANCHESTER, ENGLAND, Appellant.

### SYLLABUS.

1.    A substantial compliance with the terms of a fire insurance policy as to notice and proof of loss, is all that is required, and when notice of the loss is given, even if it is not sworn to, and an adjuster is sent to investigate the loss, unless a verification or further information is demanded, the objection that the notice of loss is not verified is waived.

2.    A judgment will not be reversed where the evidence as to the value of the property destroyed by fire is conflicting, unless it clearly appears from the evidence that the judgment is for a sum in excess of that shown by the evidence. This court will not pass on the weight of the evidence, as that duty devolves upon the jury.

3.    The right to submit questions of fact to be answered by the jury at the same time they return their general verdict is given by statute in this Territory, but as to what the questions may be, rests in the sound discretion of the court, and the court is not required to submit improper questions to the jury because one of the parties to the cause requests it. If the court submits questions to the jury, it can withdraw them, if it sees fit, from their consideration, and if the jury returns a general verdict ignoring the questions and the judge accepts the verdict as returned and discharges the jury, it is the same as though the court had refused to submit them in the first instance.

Appeal from the district court of Bernalillo county, before J. W. CRUMPACKER, A. J.    Affirmed.

### STATEMENT OF THE CASE.

This is a suit brought to recover on a fire insurance policy.    The complaint is in the ordinary form, and sets forth that the insurance company issued a policy for the sum of $3,000 on the twenty-fourth day of September, 1895, having one year to run, on a building situated in

Gallup, New Mexico, and that on August 15, 1896, said building was totally destroyed by fire. The complaint further alleges that the appellee had performed all and every act required to be done by him, both before and after the fire, but that the insurance company refused to adjust the loss or to pay the same or any part thereof. A copy of the policy of insurance was filed with the complaint.

In course of time the defendant company filed an answer, containing the following defenses, to-wit: (1) the general issue; (2) that the building was not worth the amount for which it was insured; (3) that under the policy the liability was avoided because the building was left unoccupied for ten days without permission being indorsed on the policy; (4) because the insured did not within sixty days after the fire give a sworn statement to the company as to the origin of the fire, etc.; (5) because the insured misrepresented the value of the building, and (6) because the fire which destroyed the building was by the direct procurement and act of the insured.

After various motions, demurrers, etc., had been passed upon, issue was finally joined and the cause was tried before a jury, which on April 30, 1900, returned a verdict in favor of T. P. Robinson for the sum of $1,900 and interest from October 16, 1896. Defendant appealed.

B. F. Adams for appellant.

The terms and conditions of the policy sued upon.
>   Quinlan v. Providence Washington Ins. Co., 31 N. E. 31.
>   Inman v. Insurance Co., 12 Wend. 460.
>   Blossom v. Insurance Co., 64 N. Y. 162.
>   Titus v. Insurance Co., 18 N. Y. 411.
>   Scottish Union and Nat. Ins. Co. v. Clancey, 18 S. W. 440.

Insurance Company v. Clancey, 71 Tex. 10, 8
S. W. 630.

Haywood v. Maine Mut. Acc. Ass'n, 27 Atl. 154.

German Ins. Co. v. Fairbank, 49 N. W. 713.

Shapiro v. Home Ins. Co., 53 N. W. 463.

Bowlin v. Ins. Co., 36 Minn. 433, 31 N. W. 859.

Wood, Insurance, 437, May, Insurance, 465.

Smith v. Ins. Co., 1 Allen 297.

Insurance Co. v. Lindsay, 26 Ohio St. 348.

Underwood v. Ins. Co., 57 N. Y. 500.

Blossom v. Ins. Co., 64 N. Y. 162.

Scammon v. Ins. Co., 101 Ill. 621.

Hanna v. Ins. Co., 36 Mo. App. 542.

Gale v. Ins. Co., 33 Mo. App. 664.

Gould v Ins. Co., 51 N. W. 455.

But see also Tubbs v. Ins. Co., 48 N. W. 296.

Hall v. Ins. Co., 51 N. W. 252.

Ins. Co. v. Downs, 13 S. W. 882.

The insurance policy is a contract.

Anderson Law Dictionary, title Insurance.

Addison on Contracts, sec. 1144.

2 Parsons on Contracts (6 Ed.), 350-418.

Quinlan v. Providence Washington Ins. Co., 31
N. E. 31.

Chap. 488, Laws 1886 (N. Y.), establishing a
uniform contract of insurance.

The principles of interpretation are the same as in
case of other contracts.

May on Insurance, sec. 174.

Provisions that notice shall be given within a
limited time, and also the proofs of loss shall be fur-
nished to the company under penalty of forfeiture are
reasonable stipulations and binding conditions preced-
ent to any right of action.

North British Ins. Co. v. Eliath, 77 Ala. 194.

Edgerly v. Farmers Ins. Co., 43 Iowa 587.

Barry v. Council Bluffs Ins. Co., 76 Iowa 609,
41 N. W. 373.

Fulton v. Ins. Co., 31 Mo. Leg. News (1893) 158.

Davis v. Dares, 49 Me. 282.

Taylor v. Equitable Life Ins. Co., 13 Gray (Mass.) 434.

McGraw v. Germania Fire Ins. Co., 54 Mich. 145.

McCann v. Aetna Ins. Co., 3 Neb. 198.

Patrick v. Fireman Ins. Co., 43 N. H. 621, 80 Am. Dec. 197.

Blosum v. Lycoming Ins. Co., 64 N. Y. 152.

Phoenix Ins. Co. v. Munday, 5 Cold. (Tenn.) 547.

Under this head special attention is called to—

American Ins. Co. v. Hathaway, 23 Pac. 428.

Gould v. Dwelling House Ins. Co., 90 Mich. 302, 51 N. W. 455.

Wiedert v. State Ins. Co., 24 Pacific 242.

That the parties entering into a contract containing the foregoing stipulation, are bound by the same is well settled.

Scottish Union and National Ins. Co. v. Clancey, 18 S. W. 44.

Bruce v. German Sav. & Loan Soc., 34 Pac. 18.

2 Wood on Insurance, par. 436.

Carpenter v. Providence Washington Co., 16 Peters 510.

Western Home Ins. Co. v. Thorpe, 28 Pac. 991.

Errors were committed on the trial as to special issues submitted to the jury.

The answers as to the special issues are clearly evasive. Each question admitted of a direct and unqualified answer, and the defendant was entitled to it.

Fitzgerald v. Connecticut Fire Ins. Co., 25 N. W. 787.

Davis v. Town of Farmington, 42 Wis. 426-432.

A. T. & S. F. R. R. Co. v. Cone, 15 Pac. 499.

Railway Co. v. Peavy, 34 Kan. 474-486, 8 Pac.
780.

Ry. Co. v. Fray, 12 Pac. 98.

Clark v. Wier, 14 Pac. 534.

In order to support a judgment the special verdict
must pass upon all the material issues made by the
pleadings, and should be sufficiently certain to stand as
a final decision upon the special matters with which it
deals.

28 Am. and Eng. Ency. of Law, 383-384 and
authorities cited.

Morrow v. Co. Commissioners, 21 Kan. 484-503.

Benton v. Rose, 16 Ind. 209-210.

Walker v. New Mexico & Southern Pac. R. R.
Co., 165 U. S. (N. M.) 593.

Haas, Admr., v. Ry. Co., 41 Wis. 44.

Special findings must be consistent, and must be in
favor of one party or the other.

Hornbough v. Cicott, 33 Mich. 246.

42 Mich. 492, 15 N. E. 686.

Dennis v. L. N. A. & C. R. Co., 1 L. R. A. 448

2 Thompson on Trials, sec. 265.

Rice v. City of Evansville, 9 N. E. 140.

Dixon v. Duke, 85 Ind. 434, 437.

Pittsburg, etc., Co. v. Spencer, 98 Ind. 186.

Pittsburg, etc., Co. v. Adams, 105 Ind. 151, 5
N. E. 187.

Redelsheimer v. Miller, 8 N. E. 447.

Mitchell v. Colglaizer, 106 Ind. 464, 7 N. E. 199.

Krug v. Davis, 101 Ind. 75.

2 Thompson on Trials, note to section 2650.

Dixon v. Duke, 85 Ind. 434, 437 and citations.

Jones v. Baird, 76 Ind. 164.

Henderson v. Dickey, 76 Ind. 264.

Stokes v. Board, etc., 72 Ind. 42.

Ex parte Wall, 73 Ind. 95.

Pitzer v. Indianapolis, etc., R. Co., 80 Ind. 569.

La Frombois v. Jackson, 8 Cowan (N. Y.) 589, 597.

Barnes v. Williams, 11 Wheat. (U. S.) 415.

Lea v. Campbell, 4 Port. (Ala.) 198.

Bolling v. Mayer, 3 Rand. (Va.) 577.

Brown v. Ralston, 4 Rand. (Va.) 519.

Sewall v. Glidden, 1 Ala. 2, 57.

Sisson v. Barret, 2 N. Y. 406.

Hill v. Covell, 1 N. Y. 522.

Langley v. Warner, 3 N. Y. 327.

Butts v. Bilkey, 4 Price 240.

Rex v. Mesdenger, Kelyng 78, 79.

Rex. v. Huggins, 2 Ld. Raym 1574, 1585; s. c., 2 Strange 882.

Fenn v. Blanchard, 2 Yates (Penn.) 543.

American Central Ins. Co. v. Hathaway, 23 Pac. 428.

(1) Errors committed by the court in instructions to the jury.

The instructions given by the court to the jury must be confined to the issues between the parties, as made by the pleadings.

2 Thompson on Trials, sec. 2309.

Terry v. Shively, 64 Ind. 106.

(2) In the admission of testimony. All issues must be set forth in the pleadings, and the allegations and proof must correspond upon all material questions.

Article 4, sec. 32, subdivision second, N. M. Code of Civil Procedure.

Id., sec. 40 and sec. 45.   Also sec. 112.

Notice must be served after issue is joined.

15 N. Y. Supplement 824.

And if new issue is made by pleadings a new notice is required.

11 N. Y. Supplement 626.

13 N. Y. Supplement 562.

The evidence as well as the charge of the court must be confined to the issues made by the pleadings.

Quinlan v. Providence Washington Ins. Co., supra.

Walsh Ins. Co., 73 N. Y. 10.

Marvin v. Ins. Co., 85 N. Y. 278.

Scottish Union & Nat. Ins. Co. v. Clancey, supra.

Western Home Ins. Co. v. Thorp, supra.

Ins. Co. v. Hathaway, 43 Kan. 399, 23 Pac. 428.

Ins. Co. v. Deford, 38 Md. 382.

Ins. Co. v. Carpenter, 4 Wis. 20.

Eastern R. Co. v. Relief Fire Ins. Co., 105 Mass. 570.

Protection Co. v. Schell, 29 Pa. St. 31.

Tripp v. Ins. Co., 55 Vt. 100.

Cassacia v. Ins. Co., 28 Cal. 629.

Ins. Co. v. Sweetser, 116 Ind. 370, 19 N. E. 159.

The plaintiff could not prove a waiver of proof of loss, without having first pleaded it.

Ins. Co. v. Johnson, 27 Pac. 100 and cases cited.

Vogel v. Ins. Co., 9 Gray 23.

Ins. Co. v. Capehart, 108 Ind. 270, 8 N. E. 285.

Ins. Co. v. Dyches, 56 Tex. 565.

McCormick v. Ins. Co., 78 Cal. 468, 21 Pac. 14.

Weed v. Ins. Co., 7 Lans. 452.

Graham v. Trimmer, 6 Kan. 230.

Brookover v. Easterly, 12 Kan. 152.

Evans v. Queen Ins. Co., 31 N. W. 844.

Hassetman v. Carroll, 102 Ind. 153, 26 N. E. 202.

(3)   In the rejection of testimony.   The evidence shows vacancy, and upon the following authorities, plaintiff can not recover.

Snyder v. Firemans Fund Ins. Co., 42 N. W. 631.

Suton v. Hawkeye Ins. Co., 28 N. W. 463.

As to the assignments of error.

Pearce v. Strickler, 9 N. M. 471.

Schofield v. Territory, ex rel., 9 N. M. 534.

As to proof of loss, see—

Allen v. Lazier, 56 Pac. 240.

Archibald v. Long, 43 N. E. 440.

Meeker v. Shanks, 112 Ind. 207, 13 N. E. 712.

R. R. Co. v. Gaines, 104 Ind. 526, 4 N. E. 34.

Kehr v. Hall,.17 Ind. 405, 20 N. E. 279.

Fletcher v. Martin, 126 Ind. 55, 25 N. E. 886.

Town of Freedom v. Norris, 128 Ind. 377, 27 N. E. 869.

Elliott, App. Proc., par. 757, note 3.

Stix v. Saddler et al., 9 N. E. 906.

City of Topeka v. Noble, 58 Pac. 1017.

Kyte v. Commercial Union Assurance Co., 10 N. E. 552.

Gould v. Dwelling House Ins. Co., 51 N. W. 455.

Cleaver v. Traders Ins. Co., supra, 661.

Mersereau v. Phoenix Mut. Life Ins. Co., 66 N. Y. 274.

Catoir v. American Life Ins. and Trust Co., 33 N. J. 487.

When the assured accepts a policy containing a clause prohibiting the waiver of any of its provisions by the local agent, he is bound by such inhibition, and any subsequently attempted waiver merely by virtue of such agency, is a nullity.

Mesereau v. Ins. Co., 66 N. Y. 274.

Marvin v. Ins. Co., 85 N. Y. 278.

39 Amer. Rep. 657.

O'Reilly v. Corporation of L. Assur., 101 N. Y. 575.

5 N. E. 568.

Kyte v. Assurance Co., 144 Mass. 43, 10 N. E. 518.

McIntyre v. Ins. Co., 52 Mich. 188, 17 N. W. 781.

Cleavers v. Ins. Co., 32 N. W. 660.

Bowlin v. Ins. Co., 31 N. W. 850.

Shuggart v. Ins. Co., 55 Cal. 406.

Enos v. Ins. Co., 67 Cal. 671, 8 Pac. 379.

Leonard v. Ins. Co., 97 Ind. 299.

Ins. Co. v. Halzgrafe, 53 Ill. 516.

Ins. Co. v. Weiss, 106 Pa. St. 20.

Ins. Co. v. Ins. Co., 100 Pa. St. 137.

Waiver of proof of loss can only be shown where it is specifically pleaded.

Chitty on Pleading, 16 Am. Ed., star pages, 651 and 652.

Southwick v. First National Bank of Memphis, 84 N. Y. 428 and 429.

It was error to submit an issue raised by the evidence, but not raised by the pleadings, even though the evidence raising the foreign issue was introduced without objection.

Hall v. Jackson, 1 Tex. 311.

Paul v. Perez, 7 Tex. 338.

McKinney v. Fort, 10 Tex. 234.

Denison v. League, 16 Tex. 408.

Middlebrook Bros. v. Tapp, 73 Tex. 29, 10 S. W. 732.

Cooper v. Laughlin, 13 S. W. 37.

Cameron v. Thompkins, 25 N. Y. Supplement 308.

First National Bank of Marshalltown v. Wright, 48 N. W. 92.

Kevrick v. Mitchell, 68 Iowa 273, 24 N. W. 151 and 26 N. W. 434.

Twick v. Ins. Co., 60 Iowa 266, 14 N. W. 792.

Hay v. Frazier, 49 Iowa 454.

Edgerly v. Ins. Co., 43 Iowa 587.

Smith v. Ins. Co., 64 Iowa 717, 21 N. W. 145.

Fauble v. Davis, 48 Iowa 462.

Barre v. Council Bluffs Ins. Co., 41 N. W. 374.

Smith v. Niagara Fire Ins. Co., 15 Atl. 356.

2 Thompson on Trials, sec. 2251.

Other authorities cited—

    Enos v. Sun. Ins. Co., 8 Pac. 380.

    Shuggart v. Lycoming Fire Ins. Co., 55 Cal. 408-413.

    Gladding v. Ins. Co., 4 Pac. 764.

    McCormick v. Springfield Fire Ins. Co., 5 Pac. 617.

    Silverburg v. Phoenix Ins. Co., 7 Pac. 38.

    Bennett et al. v. Zabriskie, 2 New Mex. 179.

B. S. RODEY for appellee.

The brief of appellants shows 57 assignments of error. Needlessly numerous assignments of error have often been condemned by courts in no uncertain language, and causes affirmed or costs taxed against appellants by reason thereof.

    Fowler v. Gilbert, 37 Mich. 294.

    Phillips, etc., Construction Co. v. Seymour et al., 91 U. S. 647.

    2 Ency. Pl. & Pr. 690-1.

    Duncan v. Kohler, 37 Mich. 379.

    Jacksonville, etc., Ry. Co. v. Penn. Ld. T. & Co., 27 Fla. 157.

    Dimes Saving Inst. v. Allentown Bank, 65 Pa. St. 116.

    Fisk v. Wilson, 15 Tex. 430.

    Scofield v. New Mexico, 9 N. M. 526.

Appellee contends that the only proposition made by the appellant which has any apparent merit, is: "The answers to the special issues are clearly evasive. Each question admitted of a direct and unqualified answer, and the defendant was entitled to it."

Seven questions of fact were submitted to the jury for special findings of fact. The jury failed to answer any of them, stating beneath each question, "We can not answer."

The court told the jury that "If any question is sub-

mitted to you, and no sufficient evidence appeared upon which to make answer," that they, the jury, could say to the question, "We don't know," or "We can not answer."

It is most respectfully contended by appellee that if error was committed at all, it was not of a serious kind, and militated more against the rights of the plaintiff than of the defendant.

It has several times been settled in the court, and it is a salutary rule to follow that where "The court has fairly submitted to the jury, the issues, where substantial justice has been accomplished between the parties in the court below, the judgment will not be reversed here."

Rodey v. Travelers Ins. Co., 3 N. M. 316.
Pearce v. Strickler, 9 N. M. 467.

It is submitted that this failure to answer the special questions, is, under the circumstances of this case not reversible error.

The record shows that the adjuster repudiated the whole liability and refused to do anything towards an adjustment after having first waived all proof of loss after the fire.

"*Denial of all responsibility by the insurer is a waiver of preliminary proof.*"

Tayloe v. Merchants Ins. Co., 9 How. 390 and cases cited.
Phoenix Ins. Co. v. Ry. Co., 82 Ill. App. 265.

"When all the evidence on both sides of a case tends to prove a fact, and if two does prove it, such fact may be assumed, and the jury may be told that there is no evidence from which they can find against such fact."

Druse v. Wheeler, 26 Mich. 189.
Sec. 17, Sackett's Instructions to Jurors, and cases cited.
Candelaria v. Ry., 6 N. M. 267.
Scofield v. Ry., 114 U. S. 619.

D. L. & W. Ry. Co. v. Converse, 139 U. S. 469.

"The decision of questions of fact in a case by the court, when uncontested, or when clearly established by the weight of the testimony, narrows the issues, and reduces the number of questions for the consideration of the jury, and is favored by the courts."

> Howard v. Smith, 1st J. & S. (N. Y. Superior Ct.) 128.
>
> 11 Am. and Eng. Ency. of Law (1 Ed.), 244 and note.
>
> Thompson on Charging the Jury, 43.
>
> National Exchange Bank v. White, 30 Fed. 413.
>
> City of Wyandott v. Gibson, 25 Kan. 236.

### OPINION OF THE COURT.

MILLS, C. J.—Fifty-seven grounds of error are assigned in this cause, and as is usually the case, when the assignments are so numerous it will not be necessary to discuss them all. It will perhaps be proper for us, in view of the very many assignments, to call the attention of the members of the bar to what the Supreme Court of the United States say in regard to making so many assignments of error: "Other errors are assigned which it is unnecessary to notice in detail. Most of them are covered by those already discussed, and some of them are so obviously frivolous as to require no discussion. It is to be regretted that defendants found it necessary to multiply their assignments to such an extent, as there is always a possibility that, in the very abundance of alleged errors, a substantial one may be lost sight of. This is a comment which courts have frequent occasion to make, and one which is too frequently disregarded by the profession." Grayson v. Lynch, 163 U. S. 468.

We have fully considered all of the errors assigned, and while we do not deem it necessary to refer in this opinion to each of them separately, we have endeavored

to cover all of them which we deem to be material to a proper determination of this case, although as we have just quoted, "in the very abundance of alleged errors, a substantial one may be lost sight of." We trust, however, that such is not the case.

The policy sued on is what is known in insurance circles, as a "New York Standard Form Policy."

Some six or seven of the assignments relate to an alleged variance between the declaration and the proofs; the declaration alleging that the insured had "done and performed all and every act and thing upon his part required to be done . . . both precedent and subsequent to the occurrence of said fire." This the defendant below denies in its answer, and alleges that the liability was avoided because the building was left unoccupied for ten days without permission being endorsed on the policy and also because the insured did not within sixty days after the fire give a sworn statement to the company as to the origin of the fire, etc. In his replication, appellee denies that the building was vacant for ten days, and avers that he did give the defendant a verified statement of his loss.

Among the allegations required in a complaint on a policy of insurance are an insurable interest in the insured in the property destroyed, consideration and issuance of the policy, a loss within the terms of the contract, and the amount thereof, performance of the conditions of the policy and a breach of the contract on the part of the insurer. Encyl. of Pleading and Practice, vol. 11, page 411, and cases cited under note 1, page 412. The plaintiff, however, need not negative the performance of the condition subsequent to the loss to entitle him to recover. All that is necessary for a plaintiff to do in declaring on a contract of insurance is to set forth so much of it as will show a right to recover. Whittle v. United F. Ins. Co., 38 Atlantic 498; 2 May Ins., sec. 589; 2 Greenleaf, Ev. (13 Ed.), sec. 376. It follows therefore that the various conditions and stipulations of a

policy which are in the nature of conditions subsequent and go to defeat the liability of the insurer, are matters of defense, and have no place in the declaration.   Lounsbury v. Protection Ins. Co., 8 Conn. 459.

It is in evidence that on the same or the next day after the fire occurred, the appellee, who was the agent of the defendant company at Gallup, notified the manager of the insurance company at San Francisco, of the loss, stated that it was total and that the origin of the fire was unknown, and that on the nineteenth day of August, the manager of the company wrote Dr. Robinson that he had received the loss advise, and that he had immediately wired a special agent and adjuster of the company, and that said adjuster went to Gallup to investigate the loss, and that on the twenty-fifth day of August, 1896, an agreement was signed that the adjuster should proceed to investigate and ascertain the loss and adjust the same.   The evidence further shows that the adjuster would not adjust the loss, but refused to do so, and that the company would not pay for any loss, but denied all liability.

The instruction given by the court covers this point in our opinion correctly.   It was as follows:

"For a further defense the defendants plead in the fourth paragraph of their answer, that one of the provisions of the policy is that within sixty days after the fire, the plaintiff or the assured must have furnished the defendant with proofs of loss.   The court instructs you that if you find from the evidence that shortly after the time of the loss and within sixty days thereafter the plaintiff notified the defendant company, the Palatine Insurance Company, on blanks furnished to him for that purpose that the fire had occurred, and that in pursuance to said notice, the defendant company sent their special agent and adjuster or investigator to adjust or investigate the claim of loss, and investigations were then taken up by such employee or agent of the company, that such fact is a sufficient notice to bind the de-

fendant company, and the plaintiff would be entitled to recover under his contract, if from all the other facts and circumstances in evidence in the case you conclude from a fair preponderance of the evidence that plaintiff is entitled to recover at all. However, if the jury find that this provision of the contract had been violated by the plaintiff, they will find the issues for the defendant.''

The evidence shows that notice of the loss was sent to the appellant, and that pursuant to such notice they sent their adjuster to Gallup and that a written agreement was there entered into by him and the insured that the loss should be investigated, but that the adjuster left Gallup without making such investigation and that the company refused to pay the loss. Even if no sworn statement of the loss was sent to the insurance company within sixty days after the loss, as called for by the policy, the insurance company waived such notice by sending their adjuster to Gallup. The Supreme Court of Nebraska says, on this point:—"It is true that the contract between the insured and the insurer under which the arbitration took place provided that the arbitration should not be be construed as a waiver of any of the rights or defenses of either party, nor as either an admission or denial of liability on the part of the insurance company; but this only meant that the arbitration should not be conclusive evidence of a waiver on the part of the insurance company of any legal defense it might have to a suit upon the policy. The arbitration, then, while not conclusive evidence, was, we think, competent evidence for the jury to consider in determining whether or not the insurance company waived the violation of the policy." Eagle Fire Co. v. Globe L. & F. Co., 44 Neb. 380.

A substantial compliance with the terms and conditions of the policy as to notice and proof of loss is all that is required. Am. & Eng. Encyl. of Law (2 Ed.), 336. Unless verification or further information is demanded, the objection that the notice of loss is not veri-

Robinson v. Palatine Insurance Co.

fied is waived. Hanover Fire Ins. Co. v. Lewis, 28 Fla. 209. There is no intimation anywhere in the record that the insurer requested further or additional proof of the loss than that given by the insured, and the sending of the adjuster to the place of the fire waived any further notice. Home Ins. Co. v. Unger, 93 Ill. 271; Germania Fire Ins. Co. v. Stewart, 13 Ind. App. 627; Harris v. Phoenix Fire Ins. Co., 85 Iowa 238.

Our statutes provide, sec. 2685, sub-sec. 78, that "no variance between the allegation in the pleading and the proof shall be deemed material unless it has actually misled the adverse party to his prejudice in maintaining his action or defense upon the merits," and in the case at bar we can not see that the insurer has been so misled. It has notice of the total destruction of the building insured, sent its adjuster to Gallup, who tried to secure evidence that the building had been burned through the act or procurement of the insured and by its acts led the appellee to believe that no further proofs of loss were required. The mere failure to verify the notice of loss under the facts in this case, if such verification was not made, were waived by the insured. We can see no substantial variance which affects the merits of this case between the pleadings and the proofs adduced on the trial.

A very considerable part of the errors assigned and which are alleged in various ways, are that the company was released from liability because a fraudulent and untruthful statement was made as to the value of the building insured and because the building was left unoccupied for ten days, without having the right to so leave it unoccupied endorsed on the policy, and also because the insured did not send a sworn statement to the company of the loss, etc., within sixty days, as required by the policy.

The last of these propositions we have discussed previously in this opinion when we considered the al-

leged variance between the pleadings and the proofs. As to the others it is only necessary for us to say that the testimony is somewhat conflicting the appellee and his witnesses swearing that the building destroyed was worth between $4,000 and $2,500, and the witnesses for the appellant swearing that it was worth much less than that sum.   It is in evidence over the objection of the appellant however, that the building rented for $52.50 per month.   As there is evidence to sustain the finding of the jury on this point, according to our well established rule, we will not consider and pass on the weight of the evidence, as that duty devolved upon the jury.

As to the allegation that the building was vacant for ten days, contrary to the provisions of the policy, the same rule must govern us as that just announced, except that the evidence that it was not so vacant for that length of time seems to be proved by a large preponderance of the evidence.

But one more question remains for us to consider in discussing this case, and that is, should the judgment in this case be set aside and a new trial ordered because the jury failed to answer the questions submitted to them by the appellants, but to each of such questions said:  "We can not answer."

The right to submit questions of fact to be answered by the jury at the same time that they return their general verdict is given in this Territory by statute.   Compiled Laws of New Mexico, Revision of 1897, section 2993.   (In Schofield v. Territory, 9 N. M. 540 this section is erroneously printed as 3993.)   This section of our statutes which is similar to that of many of the States of the Union, must be interpreted in the same way that it is in other jurisdictions where it is in force. The object of allowing special questions to be put to the jury is for the purpose of enabling the court to know whether the jury have properly considered the facts of the case as shown by the evidence, in arriving at the

general verdict returned by them. International Wrecking etc., Co. v. McMorran, 73 Mich. 467. The submission of questions to the jury is usually held to be discretional with the court; neither party has the right to dictate the terms of any particular question put to the jury, but it is the province of the court to determine what particular facts the jury shall find specially, but this discretion is not however purely arbitrary, but it is a sound legal discretion, subject to review on appeal. Peninsular Land Transportation, etc., Co. v. Franklin Ins. Co., 35 W. Va. 666; McKelvey v. Chesapeake, etc., R. Co., 35 W. Va. 500. In other words, the court is not required to submit improper questions to the jury because one of the parties to the cause requests him to do so, nor to give such as are proper, in the exact form in which they are presented by counsel. Micky v. Burlington Ins. Co., 35 Iowa 174; Nicholas v. State, 65 Ind. 512.

In the case at bar seven questions were submitted by the court to the jury, at the request of the appellant, which were as follows, to-wit:

"1. Have any of the conditions of the policy sued on relating to the proceedings of the assured after a loss thereunder been waived by the insurance company?

"2. If you answer, No. 1 in the affirmative, state specifically each condition waived.

"3. If you answer that any conditions have been waived, state particularly when and in what way and by whom the conditions were so waived.

"4. Did the plaintiff render to the defendant an account of the loss claimed to have been sustained?

"5. If you answer No. 4 in the affirmative, then state particularly when and where said account was rendered and to whom it was so rendered.

"6. Did the defendant company waive the proofs of loss required under the policy?

"7. If you answer interrogatory No. 6 in the affirm-

ative, state fully in what manner, when, where and by whom the proofs of loss were so waived."

We think that the court would have been justified in refusing to give all of these questions, except the fourth, as all of the others are argumentative, and several of them would require, if answered, conclusions of law and facts.    Questions like these serve rather to entrap the jury than to help them and subserve the ends of justice. If possible questions submitted to a jury should be so framed as to admit of an answer of either "Yes" or "No." Special interrogations submitted to a jury are not intended to be in the nature of a cross-examination of the jury.    Blesch v. Chicago, etc., R. Co., 48 Wis. 168; Haley v. Jump River Lumber Co., 81 Wis. 412.    To each of the above questions the jury replied, "We can not answer." The attorney for the appellant requested the court that the jury be sent out again to answer the questions but the court overruled the motion, discharged the jury and entered a judgment on the general verdict, appellant excepting.

Even after submitting questions to a jury the court may, if it see fit, withdraw such questions from the consideration of the jury.    This is held by so high an authority as the Supreme Court of the State of Massachusetts, and it is announced in Florence Match Co. v. Doggett, 135 Mass. 582, that when questions in writing have been submitted to a jury, and the jury returns a general verdict ignoring the questions, it is within the discretion of the trial judge to withdraw the questions and accept the verdict as returned, and it is also held that the failure of a judge to compel the jury to answer questions is in effect a withdrawal of the questions and is the same as though the court had refused to submit them in the first instance.    Cleveland, etc., R. Co. v. Doerr, 41 Ill. App. 530; Kansas Pac. R. R. Co. v. Reynolds, 8 Kan. 623; Johnson v. Hubbard, 22 Kan. 277; Wyandotte v. Gibson, 25 Kan. 236; Moss v. Priest, 1 Rob't (N. Y.) 632.

Robinson v. Palatine Insurance Co.

In passing upon this case we do not wish to be understood as holding that juries in this Territory, need not answer proper questions which are submitted to them by the court for answer, but we do announce the doctrine to be that the court should only submit to the jury for answer, questions which are properly framed and the answers to which are vital to the proper determination of the matter in litigation; and we further hold, that if the court inadvertently submits to the jury questions which on mature deliberation it concludes are not proper ones to be submitted to them, that it has the inherent power to withdraw such questions from their consideration, or what is equivalent to such withdrawal, to receive the general verdict, and allow them to disperse without answering the questions.

We have gone over this case with a great deal of attention. It seems to have been carefully tried on both sides, and the learned judge below seems to have conducted it with the utmost fairness from beginning to end. The only error which is at all apparent on the record which would in any manner authorize a reversal, was the instruction to the jury, that they were "not required to answer any special questions unless you can make such answer upon the testimony you have heard; and if any question is submitted and no sufficient evidence appears upon which to answer, you, the jury can say 'don't know,' or 'we can not answer.'" and that the jury returned the answers, "We can not answer," to the questions.

We do not think that this instruction was proper, as the court should have submitted no questions to the jury save those which they could answer from the evidence, at the same time we do not think this instruction and the answers returned by the jury are so vitally wrong as to justify us in reversing this case and sending it back for a new trial.

On the whole we can not see that the ends of jus-

tice would be subserved by a reversal of this case, and the same is therefore affirmed.

McMillan, McFie and Parker, JJ., concur.

Crumpacker, A. J., having tried this case below, did not participate in this opinion.