# Seiwell, Appellant, *v.* Hines, Director General.

*Negligence—Railroads — Automobiles — Evidence — Incredible testimony—Suction of train—Grade crossing—Contributory negligence—Nonsuit.*

1. Courts are not required to believe that which is contrary to human experience and the laws of nature, or which they judicially know to be incredible.

2. A court will not give credence to the proposition, that the suction from a passing train was sufficient to draw into it, up grade, a stationary automobile with the brake on.

3. Where a person drives an automobile in front of a rapidly approaching train which he could have seen if he had looked, he cannot recover for injuries sustained.

4. If a person drives an automobile upon the tracks of a railroad, and then backs his car, but does not permit it to travel far enough, before he puts the brake on, to clear the overhang of a locomotive, he is guilty of contributory negligence.

Argued February 15, 1922. Appeal, No. 332, Jan. T., 1922, by plaintiff, from order of C. P. Schuylkill Co., July T., 1921, No. 361, refusing to take off nonsuit, in case of Alexander L. Seiwell v. Walker D. Hines, now James C. Davis, Director General of Railroads, operating the Pennsylvania Railroad Co. Before MOSCHZISKER, C. J., WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Trespass for personal injuries. Before BERGER, J.

The opinion of the Supreme Court states the facts.

A nonsuit was entered, which the court refused to take off. Plaintiff appealed.

*Error assigned* was refusal to take off nonsuit, quoting the record.

*P. B. Roads,* with him *Geo. M. Roads,* for appellant.

*Otto E. Farquhar,* for appellee, was not heard.

OPINION BY MR. JUSTICE SCHAFFER, March 6, 1922:

From the refusal to take off a nonsuit, in an action brought to recover damages for personal injuries, sustained in a collision between the automobile he was driving and a train operated by defendant, plaintiff appealed.

On a clear day, plaintiff, driving a Ford roadster automobile, approached defendant's single track railroad, on a highway, the grade of which ascended toward the track. When twenty feet distant therefrom, the automobile was stopped and observation made by the occupants of the motor, plaintiff and his father, to ascertain whether a train was approaching. Plaintiff was familiar with the crossing. At the place where he stopped, and from there to the track, he had an unobstructed view of it, for a distance of one hundred and fifty yards in the direction from which the train which struck him approached. Seeing or hearing nothing indicating a coming train, he started his automobile on the up-grade, in low gear, at a speed estimated by him at from two to four miles an hour, continuing to look and listen, so he testified, for approaching trains. When just about on the first rail, his two front wheels not having gone over it, he for the first time saw a train approaching "real fast,"—at his first observation of it, from eighty to one hundred yards distant. He immediately shifted gears into neutral so the car would run backward down hill by gravity. When the motor, backing down hill, was about two feet from the rail, he put on his footbrake and stopped. The cow-catcher and front wheels of the locomotive passed the automobile, but the rear or driving wheels struck and demolished it; plaintiff was injured, his father killed. Appellant testified that the suction of the moving train drew the automobile against the locomotive, notwithstanding the automobile with its passengers weighed at least nine hundred pounds, that it was standing at rest on a grade below that of the track and with the brake on. It is inconceivable that any such thing could have occurred, as such a happening is opposed to all natural laws and common experience. Every day trains at high

speed pass stations with baggage trucks and other objects standing on the platforms, in close proximity to the tracks, and they are not disturbed by the moving train. Here we are asked to give credence to the proposition that the suction from a passing train was sufficient to draw into it, up grade, a stationary automobile with the brake on. We answer the proposition by repeating what we said in Lessig v. Reading Transit & Light Co., 270 Pa. 299, at page 303: "In the present case plaintiff's testimony cannot be accepted in the face of the infallible physical facts......Courts are not required to believe that which is contrary to human experience and the laws of nature, or which they judicially know to be incredible. ......As the disinterested evidence and physical facts show that plaintiff was struck immediately as he drove upon the track, he was guilty of contributory negligence."

Plaintiff either drove in front of a rapidly approaching train which he could have seen if he had looked and therefore cannot recover (Luken v. Penna. R. R., 267 Pa. 315; Smith v. McAdoo, Director General, 266 Pa. 328; Bernstein v. Penna. R. R. Co., 252 Pa. 581) or, when he backed his car, did not permit it to travel far enough before he put the brake on, to clear the overhang of the locomotive, in which event, his negligence is too plain for dispute. What was said in Joyce v. Baltimore & Ohio R. R. Co., 230 Pa. 1, at page 6, has close pertinence to the controlling facts here: "Neither the plaintiff nor any of her witnesses gave evidence from which the inference could be drawn 'that the suction or current of air' created by the passing train caused her dress to be caught and thus led to her injuries; on the contrary they state that she was hit directly by the train. If the story told by the plaintiff and her witnesses is to be accepted, it is apparent she came to grief by standing too close to the railroad tracks; and it is likewise clear that had she acted with due care she would have escaped injury."

The learned court below properly refused to disturb the nonsuit and its judgment is affirmed.