**6 P.(2d) 934**

### SOUTHERN PAC. CO. v. STEPHENS.

### No. 5597.

Supreme Court of New Mexico.

Dec. 26, 1931.

E. R. Wright, of Santa Fé, Geo. A. Shipley, of Alamogordo, and Del W. Harrington, of El Paso, Tex., for appellant.

J. Benson Newell, of Las Cruces, for appellee.

PARKER, J.

This is an action for damages by appellee against the appellant for the demolition of his automobile and personal injuries to himself caused, allegedly, by a freight train being operated by appellant over its line, and over a road crossing about one mile west of Alamogordo in Otero county. The jury returned a verdict for the appellee, and the cause is here upon appeal.

Appellant was driving his automobile west from Alamogordo on the Alamogordo-El Paso road at about five o'clock in the morning. At about one mile west of Alamogordo the road makes a right-angle turn and thereupon approaches the road crossing for a distance of about 600 feet. Appellee alleged that his automobile was struck and wrecked by a locomotive hauling a freight train over said crossing and running without headlight and without sounding the steam whistle or bell, as required by law. Appellant, upon the other

hand, offered evidence to show that the locomotive hauling the said train, together with at least forty-three cars in said train, had already passed the said crossing, and that the appellant negligently and carelessly drove his automobile into said moving freight train and was thereby injured. The appellant requested of the court the following instruction, which was refused:

"You are instructed that it is the duty of the driver of an automobile to keep such vehicle under such control upon approaching a railroad crossing, that he may stop it within the distance necessary to avoid collision with any train thereon; and if you find from a preponderance of the evidence in this case that the plaintiff in approaching the crossing in question failed to have and keep his automobile under such control, and that such failure was the proximate cause of the injury, then your verdict must be for the defendant."

██ It goes without saying, and requires the citation of no authority, that a party to a lawsuit has a right to have submitted to the jury the theories upon which he relies for success in the case. This was refused in this case. A mere reference in the charge of the court to the fact that the defendant relied upon the contributory negligence of the plaintiff is not considered sufficiently to present the issue relied upon by the defendant, namely, that the plaintiff on the occasion of the accident drove his car at such a rate of speed to a point so close to the train of the defendant that he was unable to stop his car before it collided with the train. This proposition the defendant had a right to have submitted to the jury.

For the reasons stated, the judgment will have to be reversed, and the cause will be remanded to the district court, with directions to grant a new trial, and it is so ordered.

BICKLEY, C. J., and WATSON, J., concur.

SADLER and HUDSPETH, JJ., did not participate.