91 P.2d 811

**LARSEN et al. v. BLISS.**

No. 4454.

Supreme Court of New Mexico.

May 25, 1939.

Rehearing Denied July 6, 1939.

W. C. Whatley, of Las Cruces, for appellant.

W. A. Sutherland, of Las Cruces, and Wilchar & Wilchar, of El Paso, Tex., for appellees.

BICKLEY, Chief Justice.

This is an automobile collision case in which the jury's verdict was for plaintiffs (appellees here).

At the close of appellees' case, appellant moved the court for a directed verdict upon the grounds that appellees had failed to make out a case of negligence entitling them to go to a jury and that the physical facts showed conclusively that appellant could not have been the party whose vehicles collided with those of appellees. This motion was overruled. After both sides had rested and closed their cases, appellant renewed his motion for an instructed verdict which was overruled. Appellant then moved the court to submit to the jury certain special interrogatories which the court refused to do. Appellant thereupon requested certain instructions which request the court denied. Exceptions were taken to each of the above rulings and appellant also excepted to the instructions given by the court as to damages on the ground that there was no jury question in the case.

After the jury returned its verdict of $2500 for appellees, appellant moved for

judgment notwithstanding the verdict upon the ground that the verdict was contrary to the evidence and contrary to law and that appellees' version of the accident was impossible of belief and that appellees' claim was conclusively refuted by the physical facts. This motion was overruled and final judgment entered for appellees.

The first point raised by appellant is based upon the proposition that there was a total failure of credible evidence to establish negligence on the part of appellant because the physical facts refuted conclusively appellees' claim that appellant's trailer had collided with their vehicles and made appellees' claim impossible of belief.

Appellees in their amended complaint alleged that appellant, while traveling in the same direction on the highway as appellees, attempted to pass the car and trailer of appellees, and negligently failed to allow sufficient clearance between the said vehicles and "so struck and sideswiped the trailer of the plaintiffs, and with great force and violence, so that great damage and injury were thereby caused to plaintiffs, etc.", enumerating thereafter in detail the facts that the house trailer of appellees was overturned and battery acid was scattered over the contents of the trailer, that certain damage was done to their automobile, and that Mrs. Larsen, one of the plaintiffs, received personal injuries, to-wit, an injury to the left breast caused by coming in contact with a lever which raises the car window on the right side of the automobile, and as a result Mrs. Larsen was forced to undergo certain medical and surgical treatment.

Appellants denied generally all of the allegations of the amended complaint and expressly denied that any personal injuries were sustained by either of the appellees.

Mr. Larsen, one of the appellees, testified at the trial that immediately he heard the "honk" of an automobile approaching from the rear " * * * my trailer was hit, and my trailer was overturned, along with the car when he cut in in front of me, and broke my hitch, and I managed to get the car up on the road."

Further on in his testimony Mr. Larsen said the left corner bumper on the trailer was bent in and the bumper along the side had been scraped almost the entire length; that the bumper was about three feet from the ground and extended along the side of the trailer, projecting out about an inch and three quarters. He also testified that the Bliss car and trailer cut in too close to the front of his car and the trailer struck the left front fender of his car, which together with the striking of the trailer, which resulted in breaking the hitch and turning over the trailer, caused his car to up-turn but the car did not turn over.

Mrs. Larsen's testimony as to the accident was substantially the same as Mr. Larsen's.

Mr. Larsen and several of his witnesses testified that there was a mark on the Bliss trailer approximately three feet from the ground as though something had been

dragged along the trailer, the mark being more noticeable near the rear of the trailer, and there was some testimony that there was paint of a different color showing along the scratch that looked like gun-metal paint, the color of the Larsen trailer.

All of appellant's witnesses testified that the Bliss trailer did not strike the Larsen vehicles at all; that there was a space of several feet between the cars and trailers when Mr. Bliss overtook and passed the Larsen vehicles.

The appellant introduced evidence, which was undisputed, showing that his trailer was constructed of Masonite, a composition substance one-tenth of an inch in thickness and so brittle that it might be crushed in the hand. He also attempted to show that the amount of battery acid which was in the battery in the trailer and which was claimed to have ruined the contents of the trailer was one-half pint. There was some dispute as to this, one of appellees' witnesses saying that there were two quarts of acid in the battery.

 It is upon this evidence that appellant relies principally as showing the inherent impossibility of appellees' version of the accident, contending that any blow of sufficient force to have the effect claimed by appellees would necessarily and beyond doubt have crushed the Masonite sidewalls of the Bliss trailer, and that it is absurd to say and incredible of belief that a half-pint of acid could have ruined the entire contents of a trailer as large as the one involved in this case. Appellant also said the scratches on his trailer were re-ceived when he drove through some mesquite in Arizona.

Thus it appears that the only undisputed facts in the case are:

1. That appellant's trailer was constructed of Masonite a composition substance one-tenth of an inch in thickness and so brittle that a small section, which was exhibited to the jury, could be crushed in the hands.

2. That there was no break in the right side of appellant's trailer and the only mark was a scratch along the right side of the trailer. None of the witnesses differed as to the fact that the trailer was not crushed, but the appellees' and appellant's witnesses differed as to the width and extent of the mark on the trailer.

Appellant says in his brief: "The character of the construction of appellant's trailer and its condition after the accident were matters about which none of the witnesses differed. They were physical facts that absolutely refuted the claim of the appellees that appellant's trailer had collided with their vehicles and made their claim impossible of belief."

At § 6554, "Physical Facts Contradicting Testimony", Blashfield's Cyc. of Automobile Law and Practice, Vol. 10, Permanent Edition, it is said:

"Where facts testified to are opposed to all natural laws and common experience, so that it is inconceivable that any such thing could have occurred, courts will re-

fuse to believe it, on the ground that they will take judicial notice of its incredibility. * * *

"And courts will not allow verdicts to stand when they rest upon evidence which is contrary to physical facts and human experience and hence are incredible. But, where the court cannot say that it was a physical impossibility for the car in which a deceased was riding to cause an accident in the manner testified to, the court will leave the conflicting story of the manner in which it occurred and its cause to the jury. * * *

"The rule as to incontrovertible physical facts is applicable only in clear cases. * * *"

A court cannot accept as true that which the indisputable evidence demonstrates as false. Lessig v. Reading Transit & Light Co., 270 Pa. 299, 113 A. 381; Hill v. Philadelphia Rapid Transit Co., 271 Pa. 232, 114 A. 634; Seiwell v. Hines, 273 Pa. 259, 116 A. 919, 21 A.L.R. 139.

In Owen v. Appalachian Power Co., 78 W. Va. 596, 89 S.E. 262, 263, the rule is stated as follows: "A verdict, supported by oral testimony which is wholly inconsistent with natural laws and physical facts, admitted to be true or established by uncontroverted evidence, showing such testimony to be false, should be set aside as being contrary to the weight of the evidence."

In Scales v. Majestic Steam Laundry, 114 W.Va. 355, 171 S.E. 899 the court held: "Physical facts, when relied upon to overcome the effect of oral testimony, must be established by uncontroverted evidence or by evidence so clearly preponderating as to make the existence of such facts unmistakable."

In the opinion in Scales v. Majestic Steam Laundry, supra, the case of Owen v. Appalachian Power Co., supra, is quoted from, and many cases from other jurisdictions holding to the same effect are cited, and the court says: "An inspection of these and of other cases will disclose that the rule that conflicting oral testimony is to be disregarded as overcome can only be invoked when the oral testimony is in conflict with some plain law of nature, the result of a simple mathematical calculation, uncontroverted physical facts, etc. Where there is appreciable doubt or contradiction in the testimony relied upon to establish the very thing which in turn is relied upon as an incontrovertible physical fact, the rule has no place."

In many of the cases where courts have not allowed verdicts to stand in the face of physical facts which demonstrate the impossibility or incredibility of a plaintiff's claim, we find statements of this character: "Such testimony as this is so contrary to the daily experience of common life, so at war with the conceded and indisputable physical facts in this case, that neither courts nor juries can, without stultifying themselves, yield to it an iota of probative force or effect. It is a proposition too monstrously improbable for rational human belief. To argue to the contrary of this is to endeavor the transmutation of the impossible into possibility." Payne v. Chicago & A. R. Co., 136 Mo. 562,

38 S.W. 308, 309, 311. And "* * * a reasonable mind must reject it as wholly impossible of belief." Giles v. Missouri Pac. R. Co., 1913, 169 Mo.App. 24, 154 S.W. 852, 855.

In Wasioto & B. M. R. Co. v. Hall, 1916, 167 Ky. 819, 181 S.W. 629, 631, in referring to the testimony of the plaintiff and affirming a judgment for him, the court said: "The credibility of a witness being for the jury, courts are not authorized to reject his testimony and refuse to submit the case to the jury on the ground that the facts stated are *highly improbable*. It is only where the facts testified to are utterly at variance with well-established and universally recognized physical laws, and therefore inherently impossible, that courts may refuse to submit the case to the jury. * * *" (Emphasis ours.)

Appellant, by invoking the rule that when physical facts are so opposed to oral testimony as to make it inconceivable that any such thing could have occurred, such testimony should not be allowed to go to the jury, asks us to answer the question:

Did the undisputed evidence of physical facts demonstrate the falsity of testimony of appellees so as to make their version of the accident incredible of belief?

Appellant says his trailer was constructed of very thin, easily-crushed material, and that a blow of a substantial nature would destroy it. But did he demonstrate that two vehicles, the type of which are here involved, could not collide and cause one to overturn without crushing such material? Did he demonstrate or prove that it would take a blow of such and such force to cause appellees' trailer to overturn, and a blow of such force, no matter how received, would crush the sidewalls of his Masonite trailer? We can find no such showing or demonstration. All appellant shows is that it is *not probable* that a blow would cause such damage to appellees' trailer without crushing the Masonite trailer. We are confronted every day with weird consequences of automobile accidents, and happenings which we would say are *not probable*.

It is a reasonable conclusion that a blow sufficient to cause a car to leave the road would crush a material as flimsy as Masonite. But can we say because such an effect is reasonable and probable that any other effect is inherently impossible? Did appellant demonstrate that it would have been impossible for the trailers to have struck in any way so as to cause the result complained of? Did he demonstrate by irrefutable physical facts the effect of a blow on Masonite with supports around it? Did he show that it would have been impossible for a corner of the trailer which was braced to have thrown the other trailer, if collided with, off its course?

Appellant presented to the jury his evidence of the flimsiness of Masonite, and many times during the course of the trial stressed the point of the effect of a blow on such flimsy material. He in effect asked the jury if it was within the realm of possibility for the collision to have occurred as claimed by appellees without crushing ap-

pellant's trailer. The jury evidently thought that such a result was not impossible. The same question was put to the court in the appellant's motion for judgment notwithstanding the verdict. The court found it possible to answer the question other than by sustaining appellant's motion.

We agree with the jury and the trial court that the testimony of appellees was not "so at war with the conceded and indisputable facts in this case" as to make it wholly impossible of belief. The trial court was correct in submitting the case to the jury, accepting the verdict of the jury, and overruling appellant's motion for judgment notwithstanding the verdict.

■■ Appellant's second assignment of error is that the court erred in refusing to give appellant's requested instruction No. 4. The instruction in question is as follows: "You are instructed that the burden of proof in this case is upon the plaintiffs to establish by a preponderance of the evidence that the defendant negligently operated his automobile and trailer upon the occasion referred to in the pleadings and in the evidence in this case, and that his negligent manner of operation of his said automobile and trailer was the proximate cause of the plaintiffs' trailer being upset, if you find that the same was upset; *but within the issues raised by the pleadings and the evidence in the case you cannot find that the defendant caused the upset of plaintiffs' trailer, unless you are satisfied by a preponderance of the evidence that the defendant's trailer collided with the plaintiffs' trailer and the plaintiffs' automobile. The Jury*

*may not assume that the defendant was negligent merely because it may believe that the plaintiffs' trailer was upset, but it must be satisfied from a preponderance of the evidence in the case that the defendant was negligent within the meaning of that term as hereinbefore defined, and that such negligence was the proximate cause of any collision between the said trailers which the jury may find;* and if the plaintiff fails to satisfy the jury in this respect its finding must be for the defendant. There is no duty under the law resting upon the defendant to disprove the plaintiffs' charge, the law casts the burden of proof in respect of it upon the plaintiff, and the plaintiffs' charge of negligence must be sustained and established by a preponderance of the evidence, that is to say, the greater weight of the creditable evidence." (Italics ours.)

Appellant says that the instruction presented to the jury his theory of the case, and that nowhere in the court's instructions was this theory presented to the jury, and hence it was prejudicial error for the court to refuse requested instruction No. 4.

The italicized portion of the above instruction does indeed go into great detail as to appellant's theory of the case—that is, that there was no collision between the vehicles of appellant and appellees, and that unless there was a collision there was no liability on the part of appellant. Defendant is entitled to have his theory of the case presented to the jury in the instructions. Southern Pacific Co. v. Stephens, 36 N.M. 10, 6 P.2d 934. If appellant's theory was presented to the jury, then he has no cause

for complaint if the court did not use his requested instruction.

The court instructed the jury that the issues for their determination were made up by the pleadings filed in the cause, setting out the material allegations of the amended complaint as to the time, place and manner of the happening of the accident in the words of the amended complaint. The allegation as to the fact of the collision as set out by the court is as follows: " * * * defendant * * * attempted to pass the plaintiffs, and in a careless and grossly negligent manner, defendant failed to allow sufficient clearance as he turned out to pass plaintiffs, and defendant to drive his said automobile and tow his said trailer in a legal and careful manner, with due regard for the safety of others, and so struck and side-swiped the trailer of the plaintiffs, and with great force and violence, so that great damage and injury were thereby caused to plaintiffs, and to their automobile and trailer, and contents thereof, etc." The jury were further instructed that the defendant by his answer denied each and all of the allegations of plaintiffs. The court then proceeded in his instructions to tell the jury that under the issues made up as aforesaid the burden of proof rested upon the plaintiff to establish his allegations by a preponderance of the evidence (which term had previously in the instructions been defined), and that if the plaintiffs sustained their allegations by a preponderance of the evidence, the verdict should be for the plaintiffs, and if the plaintiffs did not sustain their allegations verdict should be for the defendant, and that before defendant could be held liable the jury must believe from a preponderance of the evidence that defendant's negligence was the proximate cause of the injuries.

Appellees' evidence was to the effect that appellant's vehicles collided with and caused the overturning of appellees' trailer and damage to their automobile. Appellant testified, as did all of his witnesses, that there was no collision but that there were several feet of space between the vehicles at the time of passing.

As far as the record itself shows, there was no other theory offered by appellees than that a collision caused by appellant's negligence caused the damage complained of. When the jury brought in a verdict for the appellees, they in effect said (if they followed the court's instructions in arriving at the verdict, and we must assume they did) that they found that appellant negligently collided with the vehicles of appellees which was the proximate cause of damage to appellees in the amount of $2500.

As the appellant's theory was adequately presented to the jury, by the court's instructions and the whole trial proceedings, appellant was not prejudiced by the court's refusal to give requested instruction No. 4.

█ Appellant next assigns as error the court's refusal to submit to the jury the following special interrogatories requested by the appellant:

"1. Do you find that the sidewalls of the defendant's trailer were constructed of what

is known as Masonite—a substance substantially one-tenth of an inch in thickness?

"2. Were such sidewalls of defendant's trailer of sufficient strength and toughness to withstand a blow against the side or corner of another house trailer and against an automobile fender resulting in the crushing in of the sidewalls and corner of the other trailer and the crumpling of such fender without such sidewalls of the defendant's trailer being themselves crushed and broken in?

"3. Were the sidewalls of the defendant's trailer crushed or broken in at any point?"

As to special interrogatories No. 1 and No. 3, the evidence was undisputed. The appellees did not at any point in their case contradict or dispute the fact that appellant's trailer was constructed of Masonite or question appellant's explanation of the composition of Masonite, and at no place in the record is there any attempt made to show that appellant's trailer was crushed or broken at any point. There was some dispute as to the nature and extent of the marks on appellant's trailer, but nothing appears that could possibly be construed as a claim that the sidewalls of the trailer were crushed or broken in. We cannot see, therefore, that it was necessary to submit these questions in the form of special interrogatories to the jury. See 64 C.J. § ·932, "Trial".

Special interrogatory No. 2 has as a basis the same theory which counsel for appellant presented throughout the trial of the cause and upon which the motions for directed verdict and judgment notwithstanding the verdict were predicated, i. e., that it was impossible for the accident to have happened in the way described and claimed by appellees in the face of the undisputed fact that appellant's trailer was constructed of Masonite.

In 64 C.J. "Trial" § 927, it is said: "* * The interrogatories should be such as can be fairly and intelligently answered from the testimony, and call for answers which may be controlling of the main issue, or which would be decisive of the case or of some claim involved therein, and inconsistent with a general verdict that might be returned. * * *"

As heretofore stated, in discussing the first assignment of error, appellant introduced no testimony tending to show as a matter of fact the effect of a blow on a trailer constructed of Masonite, with the supports, etc., essential to such construction. The interrogatory requested attempts to narrow the jury's consideration of the issues involved to a question upon which the jury must come to an arbitrary conclusion based upon an isolated item of undisputed evidence. That this is the evaluation placed upon the situation by the trial court is shown by the following excerpt from his statement in refusing to submit the special interrogatories: "* * * the court fails to see wherein it would be proper to submit these special interrogatories because it would ask the Court to ask the Jury to submit their beliefs in reference to an isolated item of testimony, whereas the determination of the issues in

this case depends on their consideration of a large number of items of testimony and circumstances * * *. In this case the Defendant's position is clearly that his trailer did not strike the trailer or automobile of the plaintiffs and on that point direct testimony has been offered on behalf of the defendant by various witnesses, who clearly and distinctly say they saw with their own eyes that this collision did not take place. * * *"

The question embraced in special interrogatory No. 2 concerns only a simple question of fact necessarily involved in the general verdict. In view of the way the evidence was presented and the point stressed during the trial the jury fully understood the weight placed upon this question. The conclusion to be drawn from the facts showing the construction of appellant's trailer is only one circumstance tending to establish appellant's contention that no collision occurred. See Secs. 923 and 925, 64 C.J. p. 1118 et seq., as to propriety or duty of submission of special interrogatories, and the court's discretion therein. Our statute (§ 70-103, N.M.S.A.1929) though seeming to be mandatory in form of expression has not changed the general rule. See Walker v. New Mexico & S. P. R. Co., 7 N.M. 282, 34 P. 43; Robinson v. Palatine Ins. Co., 11 N.M. 162, 66 P. 535.

Appellant's remaining assignments of error, to-wit, that the court erred in submitting to the jury any question of damages for personal injuries and in submitting to the jury any question of property damage, are discussed together in his brief.

As to the personal injuries sustained by Mrs. Larsen, appellant relies on the same line of authorities which he cited in support of his first assignment of error concerning the inherent impossibility of the claims made by appellees. The testimony of Mrs. Larsen is not particularly clear as to how the injury was sustained, but it was sufficient to allow the question to go to the jury. Counsel for appellant did not cross-examine Mrs. Larsen on the point and made no attempt by other evidence to show that it would be impossible for the injury to have happened in the way described by Mrs. Larsen. The appellees did not sustain their allegation as to the seriousness and extent of the operations necessitated by the injury received, and that question was taken away from the jury at the conclusion of the testimony on this point. The only element of damages in connection with the injury which the jury were permitted to consider was that of pain and suffering. From a careful reading of the record in this connection we find that there was sufficient evidence to warrant a consideration of this element of damage by the jury.

The same is true concerning the question of property damage. There was considerable conflict in the testimony on this point, but it was the province of the jury to decide which story to believe.

Finding no error, the judgment of the trial court is affirmed, and it is so ordered.

BRICE, ZINN, SADLER, and MABRY, JJ., concur.