The Toledo, Wabash and Western Railway Co.

*v.*

Mary O'Connor, Admx. etc.

1. NEGLIGENCE—*where there is mutual negligence.* If a railway company is guilty of gross negligence, resulting in the death of a person, and the latter is guilty of only slight negligence, in view of the circumstances of the case, this will give his personal representative a right of recovery.

2. SAME—*failure to leap from hand-car before collision.* Where a laborer on a railroad, while returning from work, upon a hand-car, was struck by an engine coming suddenly upon the hand-car round a curve, so that it could not be seen until very close, and the engine was running at great speed, it was *held*, that the neglect of the laborer to leap from the hand-car was not necessarily negligence on his part, under the circumstances attending the accident, or if it was, that it was only slight.

3. SAME—*facts sufficient to show.* In case of a collision of an engine, in a city, with a hand-car, resulting in the death of a laborer, where the engine was running at a speed prohibited by ordinance, and no bell was rung or whistle sounded, and the hand-car had been in the habit of coming into the city at the hour the accident occurred, and the approach of the engine was concealed from the view of those on the hand-car, on account of a curve, and trees and buildings, it was *held*, that the negligence of the company was gross, and that of the deceased, if any, was slight.

4. SAME—*contributory.* An instruction, in an action against a railway company to recover for causing the death of a person through negligence, that the deceased must have been free from contributory negligence, to authorize a recovery, is too broad. If his negligence was slight, and that of the company gross, it was liable.

5.  SAME—*ordinance regulating speed of trains is proper evidence.*  Where a party is killed by an engine in a city, in a suit against the company to recover damages, on the ground of negligence in running the engine at too great a speed, the ordinance of the city limiting the speed of trains, etc., to six miles an hour within the corporate limits, is proper evidence to go to the jury, on the question of negligence.

6.  MASTER AND SERVANT—*injury to the latter from negligence of fellow-servant.*  Where the employment of a person working for a railway company is in a different department from other servants, and he is not associated with such others in the performance of their duty, the company is liable for gross negligence of such other servants, resulting in injury or death to such person.

7.  Thus, a mere day laborer on the track of the company may recover for an injury caused by the gross negligence of an engine-driver, if he is free from negligence on his part, or it is slight, and that of the engine-driver gross.

APPEAL from the Circuit Court of Macon county; the Hon. C. B. SMITH, Judge, presiding.

This was an action on the case. by Mary O'Connor, administratrix of the estate of Timothy O'Connor, deceased, against the Toledo, Wabash and Western Railway Company. The material facts appear in the opinion.

Messrs. NELSON & ROBY, and Mr. A. J. GALLAGHER, for the appellant.

Messrs. CREA & EWING, and Messrs. PARK & LEE, for the appellee.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

On a trial in the court below, the jury found a verdict in favor of plaintiff, and assessed her damages at $2000. Defendant thereupon entered a motion for a new trial, which was overruled, and judgment rendered on the verdict. The defendant appealed, and the record is brought to this court, and a reversal is sought on several grounds.

It appears that the husband of appellee was employed by the company as a laborer, in leveling the track and fastening rails on the ties, and in making other repairs to the road, on a section extending from the city of Decatur towards St. Louis. On the day of his death, he and other hands in the employment of the company were returning to Decatur from their work, on a hand-car. After entering the city limits, they were met by an engine and tender coming around a rather short curve in the track. When about the length of eight or ten rails distant, Donnelly, one of the hands, saw it, and notified the men of its approach, and they all sprang from the hand-car except O'Connor, the husband of appellee, and the hand-car was struck by the tender. He was knocked off, and run over by the tender and engine, and was killed. The evidence was conflicting as to the rate of speed at which the engine was running, and as to whether the bell was ringing when the accident occurred. There is no dispute that the hand-car was not thrown from the track, and it appears that the engine was checked and brought to a stop at about sixty feet from the place where the collision occurred.

Appellee's witnesses fix the rate of speed at which the engine was running at from fifteen to forty miles per hour, and that neither a bell was rung nor a whistle sounded. On the other hand, appellant's witnesses fix the speed at from five to eight miles per hour. The engine and tender were coming around a rather sharp curve, and there were buildings and trees between the men on the hand-car and the engine, as it was coming around the curve, which obstructed the view; and the ordinance of the city prohibited trains or engines from running at a greater rate of speed, in the city limits, than six miles an hour.

It also appears that the noon train from towards St. Louis had just gone into the city, and the men on the hand-car were following it in, as they were accustomed to do, for their dinner. It also appears that extra trains, or trains not running on the time fixed by the table, were in the habit of pass-

ing over the road, in both directions, at different hours of the day.

The evidence was clearly and irreconcilably conflicting, and it was for the jury to weigh and consider it, and find where the truth lay; and in doing so, they had superior advantages to ourselves, as they saw the manner of the witnesses and heard them testify. In such a conflict of evidence, we are wholly unwarranted in disturbing the finding. Hence, we decline to reverse on the ground that the evidence fails to sustain the verdict. If the jury gave credence to appellee's witnesses, their evidence established a clear case of gross negligence on the part of those having control of the engine.

It is urged that deceased was guilty of negligence to a degree that precludes a recovery by his administratrix. We perceive no evidence of negligence on his part, except that he failed to leap from the car when Donnelly gave warning of the approach of the engine. That may have occurred from a variety of causes. He may not have understood Donnelly. He may, on becoming aware of the immediate peril in which he was placed, become overpowered and incapable of acting; or he may have been so situated on the car that he could not have escaped as readily as the others. He may not have been endowed by nature with the presence of mind and the quick perception that suggested to others the proper mode of action to escape the danger that was upon him. He may have regarded the peril of leaping from the hand-car, while in motion, as being equal or greater than a collision with the tender; and when we consider the imminence of the danger, the speed of the engine and the necessity of instant action, we are not prepared to say, if deceased was guilty of negligence at all, that it was more than slight, as compared with that of the engine-driver.

That those having charge of the engine were guilty of a high degree of negligence, we think is manifest from the evidence. The engine was running tender foremost, at a high rate of speed, in violation of the city ordinance. These hands

were in the habit of returning to the city, for their dinners, immediately after the noon train had passed into the city, and this must have been known to the engine-driver. He ran his engine around a curve, where there were frame buildings, trees and shrubs, and he must have known the persons on the hand-car could not see the engine approaching; and the preponderance of the evidence seems to establish the fact that a bell was not ringing or a whistle sounding.

Under these circumstances. it was the duty of the engine-driver to have used a high degree of care—to have used diligence and effort to avoid injury to others.   On the contrary, he seems to have been, at the least, very remiss in the performance of his duty.   He seems to have omitted almost every precaution that men of only ordinary prudence would have employed under similar circumstances.   Knowing, as he must. that these persons were almost certainly on the track at the time, he was almost, if not, reckless in running at the speed he did.   He showed a disregard of law in running at a higher rate of speed than was allowed by the ordinance.   He thereby rendered his company liable.   See *The P., C. and St. L. Ry. v. Knutson*. 69 Ill. 103.   And in omitting to ring the bell or sound the whistle. he manifested a disregard for the safety or even the lives of the persons on the hand-car.   His whole conduct considered, the jury were fully warranted in finding that he was guilty of gross negligence, whilst deceased, if guilty of any negligence, it was only slight.

The instructions for appellant informed the jury that deceased must have been free from contributory negligence, before appellee could recover.   This was broader than the law warranted.   It has long been held by this court that a plaintiff may recover, although guilty of negligence, if it is slight, and the defendant is guilty of gross negligence.   These instructions were more than appellant was entitled to have given.   On the other hand, appellee's second instruction presented the question of comparative negligence correctly.   It stated it so clearly that it could not have been misunderstood

by the jury. All the instructions considered, they were more favorable to appellant than it was entitled to receive; nor were they calculated to mislead, unless it was in favor of appellant.

It is urged that the court below erred in admitting in evidence the ordinance which limited the speed of trains running in the city to six miles an hour. We can perceive no error in this. The ordinance was adopted as a police regulation, to secure the safety of persons in the city, and it was proper for the consideration of the jury, to ascertain whether or not deceased did not lose his life by reason of a violation of the ordinance. Had the engine been run at the proper speed, the probability is that deceased would not have been killed. The disregard of that requirement of the law shows a heedless, if not a reckless, spirit on the part of the engine-driver that renders it highly probable he was unmindful of other precautionary measures that the time, place and circumstances imperatively demanded.

It is urged that, as deceased was an employee of the company, and the injury was inflicted by another employee, appellee can not recover, even if there was gross negligence on the part of the engine-driver. Had they been employed in the same department, and co-operated in the performance of the same duties, then the proposition would no doubt be true; but here, their employment was entirely separate and disconnected, so that neither could control the other, or know of his want of skill or prudence, so as to report the same to the proper authority for removal, and thus protect himself from injury. These persons were as far removed from association, in the performance of their several parts in operating and maintaining the road, as strangers. Hence, the reason of the rule contended for has no application to this case. It has been repeatedly held by this court that, where the employment is in different departments, wholly disconnected, and the employees of the company are not associated in the performance of their duties, the company is liable for the gross negligence

of one employee resulting in injury to another—as, in case of injury to a book-keeper, freight agent, a carpenter. a painter, blacksmith or other workman in the shops of the company, inflicted by the gross negligence of the engine-driver or others having control of the engines and trains of the road, where such employee is free from fault, or his negligence is slight, and that of those controlling the engines and trains is gross.

In this case, deceased was as far removed from the department of the engine-driver as was any employee of the company. He had no better means of knowing of the incompetency or careless habits of the engine-driver than any other person, and hence, could not protect himself from danger by reporting the want of qualification or disregard of duty to those having control of the management of the road.

We fail to find any error in the record for which the judgment should be reversed, and it must be affirmed.

*Judgment affirmed.*