JAMES T. RILEY, Public Administrator, etc., Respondent, v. THE WABASH, ST. LOUIS AND PACIFIC RY. COMPANY, Appellant.

Kansas City Court of Appeals, June 15, 1885.

1. PRACTICE—NEGLIGENCE—PLEADING—EVIDENCE.—An ordinance as to rate of speed may be introduced in evidence, though not pleaded, in a case alleging negligence generally, where the plaintiff's cause of action is not founded on the ordinance. *Robertson v. This Defendant*, not yet reported, Sup. Court Mo.

2. —— RULES OF COMPANS ROAD AS EVIDENCE.—It was not error to permit the introduction of defendant's rules, so as to show they were being violated by the speed of the train; it was competent to go to the jury on the question of negligence charged against defendant.

APPEAL from Clay Circuit Court, HON. GEO. W DUNN, J.

*Affirmed.*
VOL. XVIII—25

The facts sufficiently appear in the opinion of the court.

GEO. S. GROVER, for the appellant.

I. The record does not show in what township the cow was killed. This was a jurisdictional fact, and without proof of it plaintiff could not recover. *State v. Metzger*, 26 Mo. 65; *Iba v. R. R.*, 45 Mo. 469; *Barnett v. R. R.*, 68 Mo. 56.

II. The court erred in admitting the town ordinance to be read in evidence. The organization of the town was not shown, and no authority was shown for the passage of the ordinance. *Inhab't's Butler v. Robinson*, 75 Mo. 192.

III. The court erred in permitting defendant's rules to be read in evidence. They were incompetent, irrelevant, and immaterial. Plaintiff was not entitled to recover by reason of violation of defendant's rule, and the evidence only served to mislead the jury to injury of defendant. *Stepp v. C., R. I. & P. R. R.*, Sup. Ct. Mo., not yet reported.

IV. It was error to overrule the demurrer to evidence. There was no attempt to show any negligence in the management of the train. *Wallace v. R. R.*, 74 Mo. 594.

V. The instructions given by the court were erroneous, assuming facts not in evidence. As no valid municipal regulation was shown, no evidence as to speed was competent. *Wallace v. R. R.*, *supra*.

VI. The instructions refused to defendant correctly declared the law and were based upon the evidence, and it was error to refuse them. *Wallace v. R. R.*, *supra*.

SIMRALL & SANDUSKY, for the respondent.

I. A statement, *in general terms*, alleging that a railroad company negligently run its cars, etc., against an animal and killed it is sufficient. *Schneider v. R. R.*, 75 Mo. 295; *Mack v. R. R.*, 77 Mo. 232.

II. Where the petition alleges negligence *generally*,

plaintiff may prove any facts tending to establish negligence, and prove that a train was running at a greater rate of speed than allowed by an ordinance of a city, or a rule of the company. *Mack v. R. R., supra; Schneider v. R. R., supra; Mapes v. R. R.*, 76 Mo. 367; *Robertson v. Wabash, etc., Ry. Co.*, Sup. Ct. Mo., not yet reported; 20 Cent. Law Journal, No. 17, p. 237. In this last case an ordinance was admitted under a general allegation of negligence.

III. The evidence showed the killing in the township, county, and state.

IV. The ordinance and rule of the company were properly admitted in evidence. It was not necessary to introduce the charter of Missouri City, as it is a public act. See act Gen. Assembly, app. March 14, 1859, act 7, sect. 3, p. 232. The ordinance was simply an exercise of the police power amply granted by the charter.

V. Whether the injury was a result of unlawful speed was a question of fact, and was submitted under proper instructions. *Kendig v. Chicago, R. I. & P. Ry. Co.*, 79 Mo. 207; Rev. Stat. Mo., section 3775.

Opinion by ELLISON, J.

This is an action commenced before a justice of the peace for killing a cow belonging to plaintiff's intestate. The injury occurred within the limits of Missouri City. Plaintiff obtained judgment before the magistrate and in the circuit court, and defendant appeals, alleging as ground of complaint, that the evidence does not show in what township the animal was killed; that the court erred in permitting an ordinance of Missouri City in relation to speed of trains to be introduced over its objection; that the rules of defendant in regard to the speed of trains were admitted against defendant's objection; that the instructions were erroneous. The objections are not deemed good. It appears from the abstract furnished by appellant that "the place where the cow was killed was in Missouri City, in Fishing River township, in Clay county, Missouri." In the case of Robertson against this defendant, decided by the

supreme court (not yet reported), it is expressly held, an ordinance as to rate of speed may be introduced, though not pleaded in a case alleging negligence generally, and where the plaintiff's cause of action was not founded on the ordinance.

We are of the opinion it was not error to permit the introduction of defendant's rules so as to show they were being violated by the speed of the train. It was competent to go to the 'jury on the question of negligence charged against defendant. The instructions presented the case to the jury, and we see nothing in the conduct of the trial "materially affecting the merits of the action."

All concurring, the judgment is affirmed.