Argued 10 January; decided 5 February, 1900.

## WADE *v.* CITY RAILWAY COMPANY.

[ 59 Pac. 875.]

1. AMENDMENT—CHANGING CAUSE OF ACTION—ORDINANCE.—Where a complaint to recover for the death of a minor child alleged that defendant was operating its street car at a dangerous and reckless rate of speed, there was no abuse of discretion in allowing an amendment that such a rate of speed was in excess of that permitted by a city ordinance.

2. RAILWAYS—EVIDENCE OF SPEED IN PARTICULAR INSTANCES.—Where there is a question as to the rate of speed at which a car or train was running at the time of an accident, it is never allowable to show how the cars were operated in particular given instances.

From Multnomah :  ALFRED F. SEARS, JR., Judge.

Action by A. F. Wade against the City & Suburban Railway Company to recover damages for the death of plaintiff's child, aged three and one-half years, caused by the alleged negligence of the defendant corporation in operating one of its electric cars at a dangerous and reck-

less rate of speed on Glisan Street, in the City of Portland. The answer denies the negligence charged, and, as a defense, alleges the contributory negligence of the plaintiff. After a trial before a jury, a judgment was rendered in favor of plaintiff for $800 and costs, from which the defendant appeals.                                    REVERSED.

For appellant there was a brief over the name of *Dolph, Mallory & Simon*, with an oral argument by *Mr. Rufus Mallory*.

For respondent there was a brief over the name of *Hume & Hall*, with an oral argument by *Mr. John H. Hall*.

MR. JUSTICE BEAN, after stating the facts, delivered the opinion of the court.

1. In support of the allegations of the complaint, plaintiff offered in evidence a city ordinance limiting the rate of speed of electric cars, which the court refused to admit because its existence and the violation thereof were not pleaded, but allowed the complaint to be amended in that regard, and the ordinance was then admitted ; and this ruling is assigned as error. There is a conflict in the decisions as to whether an ordinance regulating the rate of speed is competent evidence in this class of cases, when not pleaded. In Missouri it is held that, when the cause of action is not founded on the ordinance, it is not necessary to plead it, but that evidence of its existence and violation is competent, as tending to show negligence : *Robertson* v. *Wabash, St. L. & P. Ry. Co.* 84 Mo. 119; *Riley* v. *Wabash, St. L. & P. Ry. Co.* 18 Mo. App. 385. The same ruling seems to have been made by the Supreme Court of Illinois in *Toledo, W. & W. Ry. Co.* v. *O'Connor*, 77 Ill. 391, although Mr. Booth says that such an ordinance is not admissible unless it is pleaded (Booth, St. Ry. Law, §

359), and cites *Chicago W. D. Ry. Co.* v. *Klauber*, 9 Ill.
App. 613, and *Blanchard* v. *Lake Shore & M. S. Ry. Co.*
126 Ill. 416 (9 Am. St. Rep. 630, 18 N. E. 799), in sup-
port of the text.   But, whatever may be the rule in this
regard, we are of the opinion that there was no abuse of
discretion in permitting the complaint to be amended in
the particular referred to.   Such amendment did not add
a new cause of action.   The negligence charged in the
complaint is the operation by defendant of its cars at a
dangerous and reckless rate of speed, and an averment
that such a rate of speed was in excess of that permitted
by a city ordinance would not be changing the cause of
action as originally pleaded.   In either instance the ques-
tion would be for the jury to determine whether the car
was in fact being operated at a dangerous rate of speed,
and whether its speed was the proximate cause of the
injury ; and the ordinance, and proof of its violation,
would be nothing more than evidence upon that point.

2.   The plaintiff, after giving some testimony tending
to show the speed of the car at the time of the accident,
called witnesses to prove the usual and customary speed
at which the cars of the defendant company were oper-
ated at the place where the accident is alleged to have
occurred.   The defendant objected to the admission of
this character of evidence, but the court ruled it compe-
tent, and allowed the witnesses to answer.   The witness
Patterson, in answer to a question of plaintiff's counsel
as to what had been the habitual and customary rate of
speed of the cars operated by the defendant at the place
of the accident, said : "I have timed it by my watch a
good many times, and I have noticed that they run at
the rate of about four blocks in a minute.   That is the
only time when my attention was called to it, and some-
body asked me to time it."   The witness Larsen, in answer
to a similar question, said : "I have seen the cars, and

know and am familiár with about how fast they run every day. I took the time of the speed of these cars at Eighth and Glisan, there, four or five times, and got fifteen seconds a block. I think the time is ten seconds for a block, —from ten to fifteen seconds. I took it once sixteen seconds from crossing to crossing." And the witness Hatfield said : "There seemed to be some variance in the speed,—sometimes running quite fast, and then, again, what I perceive to be common speed. I would say, ten or twelve miles ; maybe something like that. I am in the habit of going to and from my home down by the university on the St. Johns' line every night, and back every morning. I noticed that the speed of the car going out there, and the motor that I take at the junction, and this car that runs in front of my shop, would not be much difference in speed. How fast they go—I don't know as to just how fast time they make at either place." The defendant moved to strike out all this testimony, but the motion was overruled ; and this, it claims, was error. In an action of this kind, where the rate of speed at which a car was being operated at the time of an accident is contested, proof of the customary or habitual speed at which the cars of the defendant were operated prior to the accident is, under some authorities, admissible in evidence, on the theory that it does not differ materially in principle from proof of a rule or regulation of the defendant fixing the rate of speed for its cars : *Shaber* v. *St. Paul M. & M. Ry. Co.* 28 Minn. 103 (9 N. W. 575). But the authorities upon the question conflict. Mr. Patterson, in his work on Railway Accident Law (section 421), throws the weight of his opinion against the admissibility of such testimony. See *Savannah F. & W. Ry. Co.* v. *Flannagan,* 82 Ga. 588 (9 S. E. 471), where the adjudications on both sides of this question are cited. But, whatever the rule may be, there can be no doubt that proof of par-

ticular instances in which the cars were operated at a given speed is not admissible; for from such detached cases no inference whatever can be drawn as to the speed of the car at the time of the accident. And such was the testimony admitted in this case. None of the witnesses to whom we have referred testified as to the customary or habitual rate of speed, although they were asked that question. Each of them testified to particular instances. Patterson said that he had timed the cars by his watch, when his attention was called to it, and somebody asked him to; Larsen says he took the speed of the cars four or five times; and Hatfield does not undertake to say how fast they ran. So that under any view of the law this testimony was incompetent, because it was proof of particular instances, and manifestly no inference can be drawn as to the speed of the car at the time of the accident from the speed of other cars at other times.

Some other questions are discussed in the brief, but, as they may not arise on another trial, we shall pass them without consideration. It follows that the judgment of the court below must be reversed, and a new trial ordered.　　　　　　　　　　　　　　REVERSED.

Decided 23 July; rehearing denied 13 August, 1900.