Patrick H. O'Donnell, Administrator, v. Chicago & Alton Railway Company.

Gen. No. 12,522.

1. CONTRIBUTORY NEGLIGENCE—*when question of, should not be taken from jury.* Where it is not clear that the plaintiff's intestate was guilty of contributory negligence, the question should not be taken from the jury by peremptory instruction.

2. CORONER'S VERDICT—*may not be in part admitted and in part rejected.* A coroner's verdict should be received in the entirety or rejected in the entirety, although the court may, in a proper case, instruct the jury to disregard certain portions thereof.

Action on the case for death caused by alleged wrongful act. Error to the Circuit Court of Cook County; the Hon. LOCKWOOD HONORE, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1905. Reversed and remanded. Opinion filed June 12, 1906. Rehearing denied July 3, 1906.

DANIEL BELASCO and C. H. JOHNSON, for plaintiff in error.

WINSTON, PAYNE & STRAWN, for defendant in error; F. S. WINSTON and R. M. SHAW, of counsel.

MR. JUSTICE BAKER delivered the opinion of the court.

This is a writ of error by the plaintiff, administrator of the estate of Frank Novak, deceased, to reverse a judgment of the Circuit Court upon a directed verdict for the defendant in an action against the defendant for wrongfully causing the death of plaintiff's intestate.

At and for six months before the death of plaintiff's intestate he was in the service of defendant as a track repairer and was employed in the yards of the defendant in Chicago. The general direction of the tracks of the defendant was from southwest to northeast. At the place where the accident occurred the defendant had three tracks, two main tracks and on the northerly side of those tracks a lead track, leading from the yards northeasterly of that point, to the yards southwesterly of that point. The tool house of the defendant was north of the tracks of the defendant, and tracks from the tool house ran in to the lead track above mentioned at a point about 100 feet northeasterly of the place where the accident occurred.

The foreman and men started to their work from the tool house in the morning and returned to it at night and usually used in going and returning a hand-car and a push-car. On the day of the accident they worked on the lead track a block or more southwesterly from the point where the tracks from the tool house ran into the lead track. At the usual quitting time in the evening the foreman directed the men to gather up the tools and go back to the tool house. Plaintiff's intestate and four other men went first on the hand-car and the foreman and the other men followed with the push-car five to ten steps behind the hand-car. When the hand-car was within about 100 feet from the point where the tracks running to the tool house left the lead track, the hand-car was hit by an engine of the defendant company running light with the tender in front. Plaintiff's intestate was standing with his back towards the engine " pumping " the hand-car. Albinski, who stood facing the engine, saw the engine coming, called out and jumped, but plaintiff's intestate and one other man were

on the hand-car when the tender struck it and were killed. The hand-car was going around a rather sharp curve, and a fence and building on the north side of the track were between the men on the hand-car and the men on the engine and obstructed the view until the hand-car was within about 200 feet of the engine.

· The testimony of plaintiff's witnesses was that the engine was running at the rate of about twenty miles per hour, that no whistle was sounded, bell rung or other signal given.

Counsel for defendant in error in their brief say that " the real question in the case is the fact that plaintiff's intestate himself by his own negligence contributed to the injury. Whether it be placed upon the ground of his contributory negligence or whether it be placed upon the failure of the plaintiff to prove that the deceased was in the exercise of due care, in either event, the fact remains that the plaintiff was not entitled to recover."

The men went with the hand-car or hand-car and push-car back to the tool house at about the same time every evening, and to do so, when they worked in the part of the yards where they worked on the day in question, they had to go over that portion of the track over which they were passing when this accident occurred.

A case very much like this upon the facts is T., W. & W. Ry. Co. v. O'Connor, Admx., 77 Ill. 391. There the track repairers were in the habit of going into Decatur upon a hand-car every day for dinner. In going around a curve where the view was obstructed, as in this case, their car was struck by an engine running at a rapid rate of speed and appellee's intestate, a track repairer upon the hand-car, was killed and the plaintiff had judgment in the Circuit Court which was affirmed by the Supreme Court. It is insisted that the decision in that case turned upon the question of comparative negligence, but that contention, as applied to the facts of this case, cannot be sustained. In the opinion it was said, p. 394: "It is urged that deceased was guilty of negligence to a degree that precludes a re-

covery by his administratrix. We perceive no evidence of negligence on his part, except that he failed to leap from the car when Donnelly gave warning of the approach of the engine." The question whether the deceased was guilty of negligence in failing to leap from the car is then discussed and at the conclusion of such discussion it is said: "We are not prepared to say, if deceased was guilty of any negligence at all, that it was more than slight, as compared with that of the engine driver."

In this case it is not contended that the deceased was guilty of negligence in failing promptly to leap from the car after Albinski gave warning of the approach of the engine, but the contention is that he and the other men on the hand-car were guilty of negligence in failing to send a man forward to the point in the curve where the view of the track in both directions was unobstructed, to see whether an engine was approaching. In the O'Connor case, as in this case, the accident might have been prevented by sending a man forward from the hand-car to the point where the view in both directions was unobstructed, and when the court in that case said, " We perceive no evidence of negligence on the part of the deceased, except that he failed to leap from the car," etc., it in effect held that the failure of the crew of the hand-car to send a man forward to flag it was not negligence. In this case the testimony was that a man was never sent in front of the hand-car as it approached the curve. The foreman was on a push-car but a few feet behind the hand-car, and we are not prepared to hold that under such circumstances the court may direct a verdict of not guilty upon the ground that the deceased was guilty of contributory negligence, or that the jury could not from the evidence find that the deceased was in the exercise of reasonable care for his own safety.

The plaintiff offered in evidence the following verdict of the coroner's jury returned at an inquest held over the body of plaintiff's intestate:

"That the said Frank Novak now lying dead at 2129 Archer avenue, in said City of Chicago, County of Cook,

State of Illinois, came to his death on the 6th day of May, A. D. 1901, from shock and injuries received caused by a collision of a hand-car on which he was riding, with switch engine 212 belonging to the Chicago & Alton Railroad Company, on the tracks of said company near 23rd street, on May 6th, A. D. 1901, while in the employ of said company and acting under orders of the foreman of the section to which he belonged."

The court, upon the objection of defendant's counsel, refused to admit the following part of said verdict: "and acting under the orders of the foreman of the section to which he belonged," and plaintiff excepted.

We know of no authority for admitting a part of such a verdict and excluding another part. In Cox v. C. & N. W. Ry. Co., 92 Ill. App. 15, where the verdict of the coroner's jury found that the deceased was struck and killed by a passenger train of the defendant railroad company and further found as follows: "We further find that the aforesaid company is responsible for said death, on account of fast running and the view to the track being obstructed by cars and depot," it was held that the court properly instructed the jury to disregard the portion of the verdict above quoted, but that case is not an authority for holding that a portion of the verdict may be excluded.

The judgment of the Circuit Court will be reversed and the cause remanded.

*Reversed and remanded.*