Louisa Mentz, Administratrix, appellee, v. Omaha &
    Council Bluffs Street Railway Company, appel-
    lant.

Filed February 15, 1919.   No. 20323.

1. **Appeal:** Instructions: Theory of Case.  A party is entitled
   to have his theory of his case, as disclosed by the evidence, submit-
   ted to the jury, under proper instructions, and where such an
   instruction is tendered to the court the refusal to give it is
   reversible error.  *Omaha Street R. Co. v. Boesen*, 68 Neb. 437.

2. **Evidence:** Mortality Tables: Admissibility.  Proof of disease
   or of ill health or hazardous employment may impair or destroy
   the effect of mortality tables as evidence, but does not make
   them inadmissible. · *Broz v. Omaha Maternity & General Hospital
   Ass'n*, 96 Neb. 648.

Appeal from the district court for Douglas county:
Alexander C. Troup, Judge.  *Reversed.*

*John L. Webster* and *William R. King,* for appellant.

*Sutton, McKenzie, Cox & Harris, contra.*

Dean, J.

Fritz Mentz sued the defendant company to recover
for personal injuries said to have been sustained on
March 9, 1916, because of the negligence of its em-
ployees, while he was a passenger on one of its street
cars.  He died on December 28, 1916, after the case was
begun, but before it was tried.  He left a widow and
a daughter as his sole surviving heirs.  The action was
revived in the name of the daughter, Louisa Mentz, ad-
ministratrix.  The estate recovered a verdict and
judgment in the sum of $4,400, and defendant appealed.

The deposition of Mr. Mentz was taken November
21, 1916.  He was by trade a painter.  He testified, in
substance, that he and about 12 others boarded a north-
bound car that stopped at the north side of the Farnam
and Sixteenth street intersection at about 6 o'clock in
the evening; that he was almost the last passenger to

board the car; that immediately the car started, and just as he dropped his fare in the box the car stopped suddenly and with such violence that he was thereby thrown against the fare box and the iron rail supports on the platform with such force that he received the injuries complained of. He testified that, though he suffered intense pain from the injury at the time, he made no complaint to any person; that both car and platform were crowded. He was the only witness on the part of plaintiff to testify respecting the immediate facts surrounding the alleged accident.

The motorman called by defendant testified that just as he started his car at Farnam street he saw an automobile come out of the alley and stop on the track; that the street car was not then "going over four miles an hour;" that it was on a down grade and the car was stopped to avoid a collision; that the stop was neither sudden nor violent, but "just an ordinary stop."

The conductor testified on the part of defendant that when the car left Farnam street it "ran about a car length and stopped in the usual manner, no jolt at all. * * * An automobile had stopped on the track;" that the street car was stopped about midway in the block north of the starting point at Farnam street; that he saw the motorman get off and help push the automobile off the track; that he recalled a man of Mentz's general description boarding his car at Farnam street at about the time indicated by plaintiff, but he was unable to definitely give the date; that the man whom he took to be Mentz carried a small leather bag with the handle of a paint brush protruding from the end; that he was apparently ill; that "he held us there about a minute, crawling on;" that a passenger jostled and pushed Mentz as he passed him on the platform, and that he heard Mentz say to him "you come near hurting me then;" that almost immediately thereafter the car was stopped to avoid colliding with the automobile. The conductor said that Mentz did not

complain of an injury, and that he rode on the platform approximately 15 minutes, when he got off at his stopping place.

Even if Mentz was injured as he testified, the company is not chargeable with negligence if the motorman used reasonable care in stopping the car to avoid colliding with an automobile that was stalled on the track. Defendant requested the court to give this instruction, which was refused: "You are further instructed that it was the duty of the defendant's motorman to use reasonable and ordinary care to stop the street car so as to avoid a collision with the automobile upon the track in front of the street car, and if you believe from the evidence that the plaintiff was injured while the motorman was using such reasonable and ordinary care in bringing the street car to a stop, then the plaintiff cannot recover and your verdict must be for the defendant." It seems clear to us that the court erred in refusing to so instruct the jury.

Defendant says that the court erred in giving instruction numbered 8 on the measure of damages, and argues: "By said instruction the court ignored the important fact in the case, to wit, that the plaintiff, prior to the accident, had been suffering from a disease which had a tendency to, and in all probability would have, shortened his life notwithstanding this accident, and that by reason of said prior infirmity of the deceased the Carlisle table was not competent or proper evidence of the length of time a person so afflicted would probably live."

The instruction is not erroneous in the respect noted in defendant's brief so far as the argument relates to the introduction of the Carlisle table in evidence. *Broz v. Omaha Maternity & General Hospital Ass'n,* 96 Neb. 648.

Other questions have been presented that we do not find it necessary to discuss. The judgment of the district court is reversed and the cause remanded.

REVERSED.

CORNISH, J., not sitting.

The following opinion on motion for rehearing was filed June 28, 1919. *Rehearing denied.*

PER CURIAM.

In the brief upon the motion for rehearing it is contended that the instruction recited in the opinion was erroneous and properly refused because it assumed that there was an automobile stalled on the track. If it was erroneous in that particular in view of the evidence then before the court, the remainder of the instruction was proper and necessary in any view of the evidence, and such an instruction should have been given when the necessity therefor was suggested by the request. The motion for rehearing is

OVERRULED.