ELMER PARKS, APPELLEE, v. W. H. BURNEY, DEFENDANT: ALICE SMITH GOODNOW ET AL., APPELLANTS.

FILED JUNE 23, 1919. No. 20457.

1. **Wills: CONTRACT TO DEVISE: VALIDITY.** An agreement to take a six year old boy "as a son" and give him "a child's share of my property" is sufficiently definite as to what the boy is to receive

in case he performs the contract on his part. The fact that a child may be disinherited by will, or that it is uncertain how many children there will be to inherit the property, does not render such contract void for uncertainty.

2. **Statute of Frauds:** CONTRACT: PERFORMANCE. If such contract is definite, and is clearly proved, and substantial performance is proved by clear and unequivocal evidence, it has the same force as if written.

APPEAL from the district court for Cedar county: GUY T. GRAVES, JUDGE. *Affirmed.*

*Files & Paxson, J. M. Sheets* and *B. Ready,* for appellants.

*H. E. Burkett, contra.*

SEDGWICK, J.

When this plaintiff was six years old, his mother made arrangements to place him in the home of Jay L. Smith. He remained there until he was 24 years old— about 18 years—and after Smith's decease he brought this action, alleging that the contract between his mother and Smith was that Smith should take the plaintiff as his own son, and that the plaintiff should have a child's share in his estate. The trial court found the issues for the plaintiff, and the defendants have appealed.

1. The first question presented is on the sufficiency of the petition. A general demurrer was filed, which was overruled, and it is insisted that this was erroneous, and that the petition does not state a cause of action. The allegation of the petition is: "That during the fall and winter of 1893 the said Jay L. Smith, being anxious to get a boy, requested of the plaintiff's mother, and also her parents, the privilege of taking this plaintiff, who was then a mere boy about six years old, and raising and bringing him up just as though he was his own son and to do by him as though he was his own child. That the plaintiff's mother, being a widow with small and scant means, carefully and fully considered the matter, and having full and great confidence that the

plaintiff would receive at the hands of the said Jay L. Smith, and his wife Flora E. Smith, the love, care and affection which is due from parents to child, consented to said request, but only upon the well-understood condition that the said Jay L. Smith and Flora E. Smith would receive and take the plaintiff as their own child, and that he have their love and affection, and that at the death of the said Jay L. Smith the plaintiff was to receive the child's share of his property just as though he was his own son.'' The substance is that Smith was anxious to have the boy, six years old, to raise just as though he was his own son and treat him as his own child, and that his mother consented to Smith having the child upon the well-understood condition that Smith and his wife would take the child as their own child, and that the child should receive a child's share of the property just as though he was Smith's own son. Allegations in the other parts of the petition are to the effect that with this understanding the deceased took the child, and he remained in their family until he was 24 years of age. It is possible that the petition might have been subject to a motion to make it more definite and certain, but it cannot be found that it wholly fails to state a cause of action under our former decisions.

2.    The principal contention is that the evidence is not sufficient to support the decree. When this boy was taken into the Smith family, the family consisted of Smith and his wife. They had no children, and never had any children of their own. The defendants are the brothers and sisters of Smith and the children of deceased brothers and sisters. The plaintiff's mother and Mrs. Smith testified as to the arrangements when the boy was taken into the family. There is no other direct evidence as to the understanding of the parties at the time. Their evidence is that the Smith family had heard of this boy, and that his mother was a widow with other children, and they wrote a letter to his mother requesting an interview and to see the boy. In answer to this

letter the mother took the boy to the Smith home and the arrangements were made. Mr. and Mrs. Smith agreed that they would treat this boy as their own son, and that if he remained with them as their son he should have "a child's share in the property." It is seriously contended that this evidence as to what he should have is too indefinite to amount to a contract. It is urged that a child has no share in his parents' property if the parents see fit to dispose of the property otherwise, and that if Smith and his wife were then young people it is very indefinite and uncertain as to what any particular child's share would be if there should be other children. If, however, we apply the rule of construing this contract as the parties themselves then evidently understood it, and intended, these objections are not well taken. If the agreement to treat this boy as his son and give him a child's share of the property would not prevent the Smiths from disposing of their property or a part thereof to others by will, it at least was equivalent to a contract to make him an heir, and, as such, he would inherit with other heirs, if any, such property as Smith owned, undisposed of, at his death. The evidence shows that Smith was very much attached to this boy, and that he was not on good terms with his brothers and sisters, but declared that none of them should ever have any part of his property. To treat him as his son and give him a child's share in the property means that the boy should inherit as though he was their own child, which is equivalent to a formal legal adoption, provided that the boy and his mother performed their part of the contract which the mother had made. The evidence is ample that Smith and his wife regarded this boy as their son and that the boy so regarded it. At the time of his adoption Mr. Smith had very little, if any, property. The boy was an active, energetic, and dutiful boy. They procured some land, farmed it, and developed it. Smith himself was not able physically to do much farm work, but the boy was vigilant, active, and competent,

and they were successful in accumulating property continuing in the same manner until the boy was 24 years old and was married, and then they all moved to town, and Smith and the young man established a business in town in the name of "J. L. Smith & Son."

This court has been frequently required to construe and apply our statute of frauds. Its application in cases of this character has been pretty thoroughly defined in *Kofka v. Rosicky,* 41 Neb. 328, and other similar cases. The contract must be definite, and must be clearly proved. If there is but one witness to the terms of the contract, the circumstances of entering into the contract must be entirely consistent with its existence as testified to by this witness. The proof of part performance under section 2626, Rev. St. 1913, must be clear and unequivocal, and such part performance must be without other sufficient consideration and be so related to the contract as to render it clear that it was performed with reference to the contract.

When the evidence is clear and satisfactory, the duty of a court of equity is also clear. The law is as vigilant to guard against the fraud of designing persons who may obtain the consideration for a verbal agreement without the intention of performing as agreed and so obtain something for nothing, as it is to prevent obtaining property by false testimony of the existence of a contract that was in fact never made.

In this case we have the evidence of two witnesses to the contract, one of whom is apparently wholly disinterested. The circumstances render it highly probable that such a contract would be in the interest of both parties to it. The performance of the contract by the plaintiff is equally clear. He performed all duties of a son until he became of age, without wages or other compensation than his support and the kindness of his protectors, and was regarded as a son by both Mr. and Mrs. Smith. If we say that he might have done all this for the benefits he received while rendering those services,

the fact that he still continued as a son and rendered valuable services after he became of legal age, without any consideration except this contract, cannot be referred to any other than the contract alleged, and it must be regarded that he had performed the contract on his part. The fact that when he was married and left the farm Mr. and Mrs. Smith, not having any other children, left the farm also, and they all established a business together in the partnership name of "J. L. Smith & Son," is corroboration of the existence of the contract and performance thereof.

The judgment of the district court is

AFFIRMED.

LETTON, J., not sitting.