(No. 2272.)

BACA v. OJO DEL ESPIRITU SANTO CO.,

(Oct. 6, 1921,    On Rehearing, Dec. 3, 1921.)

SYLLABUS BY THE COURT.

A party who invokes the action of the court, upon the assumption that the record upon which the action is to be based is correct, will not be permitted to suggest corrections in the record in order to avoid adverse ruling.

Appeal from District Court, Santa Fe County; Holloman, Judge.

On petition for writ of certiorari.    Writ issued.

A. B. Renehan, of Santa Fe, and Marron & Wood, of Albuquerque, for appellant.

C. C. Catron, of Santa Fe, for appellee.

OPINON OF THE COURT.

PARKER, J.  An application for a writ of certiorari is presented for the purpose of having the district court certify the true state of facts as to the settling and signing of the bill of exceptions in the case.  It appears from the application that, at the time of the settling and signing of the bill, counsel for appellee was not present in court and refused to appear or take any part in the action about to be taken; that he informed the judge that he claimed he had received no notice of the proposed settling and signing of the bill, and proposed to take advantage of the same in due time; that the judge suggested to counsel for appellant that

regular notice had better be given, but counsel for appellant stated that he desired the bill to be settled and signed as the record then stood, which was accordingly done, with the certificate attached, which is set out in a former opinion herein. This certificate we first held did not show appearance of a waiver of notice, but merely showed waiver of objection to the contents of the bill. Afterwards, on motion for rehearing, we expressed some doubt as to the soundness of our first interpretation of the order, and suggested that, under the circumstances, it might have been incumbent on appellee to make known his objections to the court on account of lack of notice.

There is a consideraiton which precludes the awarding of the writ. Upon the record as it stands, appellee moved to strike the bill of exceptions for want of a showing of notice. This was an admission that the record as it now stands is correct. Upon this record he took the judgment of this court as to whether the bill should be stricken. It is immaterial whether the action of the court is to be favorable or unfavorable to the appellee. Appellee must now stand on the record as it stood at the time his motion to strike was presented. If it was necessary or advantageous to have the record corrected application therefor should have been timely, and before invoking the action of the court based thereon.

For the reasons stated the application for the wrn of certiorari will be denied.

Counsel for appellant have filed briefs on the motion for rehearing of the order striking the bills of exceptions, and appellee will be allowed 10 days within which to file reply brief thereto.

ROBERTS, C. J., and RAYNOLDS, J., concur.

### On Rehearing.

PARKER J.  We have heretofore denied a writ of certiorari, sought by appellee to correct the record below in regard to the circumstances relative to notice

of the time and place of settling and signing the bill of exceptions in this case, upon the ground that it was estopped by previous conduct. There is, however, equivocal language used in the order settling the bill which the court itself desires cleared up.

For that reason it will, of its own motion and in the interests of justice, cause the writ to issue, covering the matters suggested in former application of appellee, and directing the correction of the record below upon notice to the parties and it is so ordered.

RAYNOLDS, C. J., concurs.

DAVIS, J., did not participate.