159 P.2d 317

## CLAY v. TEXAS–ARIZONA MOTOR FREIGHT, Inc.

No. 4871.

Supreme Court of New Mexico.

May 25, 1945.

W. C. Whatley and R. C. Garland, both of Las Cruces, E. Forrest Sanders, of Lordsburg, and Carl H. Gilbert, of Santa Fe, for appellant.

Joseph W. Hodges and Clyde T. Bennett, both of Silver City, for appellee.

LUJAN, Justice.

Ralph F. Clay, plaintiff, hereinafter called appellee, filed his action against Texas-Arizona Motor Freight, Inc., defendant, hereinafter called appellant, to recover damages for personal injuries sustained due to a collision of appellee's automobile with appellant's truck. A judgment was entered for appellee on the verdict of the jury and appellant appeals.

The record substantially discloses that on the night of the accident one John Lang, an employee of the appellant, drove one of its trucks with a semi-trailer attached into the town of Deming, over U. S. Highway 80, turned into Gold Avenue and proceeded on said street to a warehouse located at the corner of Gold and Hemlock Streets. Gold Avenue where the accident occurred

constitutes a portion of U. S. Highway 260, leading from Deming to Columbus, New Mexico. This street is 90 feet wide from one building line to another. A portion of this street is paved in the center at a width of 20 feet, the rest is gravelled. When the driver reached the warehouse he started backing his truck and semi-trailer to unload freight, but when the rear of the trailer was within eleven feet of the warehouse, the driver stopped. At that time the right front wheel of the truck was about two feet on the paved portion of the street, the remainder of the truck and trailer being entirely off and on the gravel portion of the street. There were no flares placed either in front, back or sides of the truck and semi-trailer, at time of the accident. The evidence is in conflict as to the exact direction in which the truck headlights were shining, certain of the witnesses testifying that they were shining southwest and others that they were pointed north, along the street. There is also a conflict in the testimony as to whether or not the sidelights on the trailer were burning at the time of the collision. The appellee testified that he was travelling north on Gold Street in a 1939 Chevrolet sedan, and that just before the accident there was a flash of headlights which seemed to him were in the center of the paved slab and that he swung to the right to avoid them and then collided with the trailer. The evidence further shows that at the time of the collision the total weight of the truck was 36,300 pounds.

On this appeal no claim is made that the judgment is not supported by the evidence. All assignments of error are based upon the refusal of requested instructions.

The appellant urges that the court committed error in refusing its instructions Nos. 1 and 3 as requested, and in failing to instruct the jury as to its theory of the case. We quote these requested instructions:

"No. 1. An ordinance of the Village of Deming, which fixes and limits the speed limit of motor vehicles in a business district at not to exceed 15 miles per hour; and also places Gold Street, which includes the scene and place of the collision in question in a business district, has been introduced in evidence and is before you for consideration. You are instructed, that if you find and believe from a preponderance of the evidence, that the plaintiff, Ralph F. Clay, was driving and operating his automobile at the time and place of said collision, at a speed in excess of 15 miles per hour, and that such speed contributed to and was a proximate cause of the collision in question, as the terms of contributory negligence and proximate cause have been defined to you, then your verdict should be for the defendant."

"No. 3. You are further instructed that under the ordinance of the Village of Deming, which has been introduced in evidence in this case, where the pleadings and evidence show that the collision occurred, was a business district in which the legal

rate of speed was restricted to 15 miles per hour, and the driving of an automobile through such business district at a greater rate of speed than that is negligence of itself."

It is also contended by appellant that the trial court erred in refusing to instruct the jury upon its theory that at and just prior to the accident the appellee was driving his automobile in excess of the speed allowed by law, as fixed by the ordinance of the Town of Deming, and that such action on the part of the appellee constituted negligence per se, which contributed proximately to the accident complained of and to the appellee's damages resulting therefrom.

Chapter 56, Sec. 1, subdivision (b), New Mexico Session Laws of 1941, N.M.S.A. 1941, Sec. 68-504, provides as follows: "Maximum speed of motor vehicles of any kind shall not exceed 20 miles per hour on all highways in business district as defined herein."

Laws 1929, Chap. 75, Sec. 1, subdivision (t), N.M.S.A.1941, Sec. 68-401, subdivision (t), provides as follows:

" 'Business District.' The territory contiguous to a highway when fifty (50) per cent or more of the frontage thereon for a distance of three hundred (300) feet of (or) more is occupied by buildings in use for business."

The material portion of Ordinance No. 147 referred to by appellant, and introduced by appellee himself, the existence of which at all material times was undisputed, provides that every person operating or driving a motor or other vehicle on the streets, alleys or other public highways of the village of Deming shall operate same in a careful and prudent manner. It provides further that no person shall operate or drive a motor vehicle anywhere on Gold Avenue from its intersection with First Street, north of the railroad tracks, to the intersection with Ash Street, at the Court House Park, which streets are designated as being in the business district of the village of Deming, at a greater rate of speed than fifteen miles per hour; the ordinance further provides that no vehicle shall be parked or shall so occupy any street as to interfere with or interrupt the passage of other vehicles.

The appellant, in its answer, among other things pleaded contributory negligence on the part of the appellee, in that, at and just prior to the time of the collision, he was driving his automobile at a high and rapid rate of speed greatly in excess of the rate of speed permitted by law.

Did the speed at which appellee was driving his automobile contribute as a proximate cause to such collision and resulting injury to him?

The court did not instruct the jury on this point but informed the jury that the answer alleged:

" * * * that notwithstanding the manner in which the driver was backing the tractor and semi-trailer on the easterly side of the street to and into the warehouse,

notwithstanding the position of said equipment on the street at that time, no collision would or could have occurred between plaintiff's automobile and the semi-trailer except for the utter carelessness and gross negligence of the plaintiff in driving his automobile off the main travelled portion of the street and at a high and rapid rate of speed, greatly in excess of the speed permitted by law and that which was prudent at the time and under the circumstances, and without keeping any lookout or exercising any care as to what objects were in the street ahead of him; that the plaintiff in so driving at such time and place and in the circumstances was grossly negligent and acting in utter disregard of his own safety and the rights and safety of others upon the highway, and that his said conduct contributed proximately to the collision and that, had he not acted in such negligent and careless manner, no collision would or could have occurred."

However, the court instructed the jury that the law presumes that a person saw that which by the exercise of ordinary care he could have seen had he looked; that, if after considering all of the evidence in the case they find that the appellee, Ralph F. Clay, when he drove north on said Gold Avenue, by the exercise of ordinary care, as that term was defined to them, could have seen the appellant's truck, had he looked, it is presumed that he did see it, and if they should further find from a consideration of all the evidence that his actions were not those of an ordinarily prudent person under like circumstances, as that term was defined to them, then the appellee was guilty of contributory negligence, under the affirmative plea of negligence on the part of appellee.

The jury was in no way instructed that if the appellee was driving in excess of fifteen miles per hour through a business district, as heretofore referred to, that this constituted negligence per se (Pettes v. Jones, 41 N.M. 167, 66 P.2d 967; Bell v. Carter Tobacco Co., 41 N.M. 513, 71 P. 2d 683; Melkusch v. Victor American Fuel Co., 21 N.M. 396, 155 P. 727, 729), and if it contributed proximately to cause the injury it would bar recovery.

There seems to have been evidence from which the jury might have found that the appellee was driving his automobile on Gold Street at a higher rate of speed than is allowed by law. The driver of the passenger car testified that he was traveling at about twenty miles per hour. The driver of the truck testified that he judged the appellee was travelling not less than forty miles per hour. Several witnesses testified that the impact of the collision moved a loaded truck weighing 36,300 pounds, some six inches.

The statutory provision hereinbefore referred to, as well as the ordinance, are safety measures, and were adopted for the protection of the public. That the operation of an automobile at a speed prohibited by statute or ordinance is negligence per se can hardly be questioned.

In Melkusch v. Victor American Fuel Co., supra, this Court said:

"It is well settled that one whose injuries are the proximate result of his violation of a statute is, as a matter of law, guilty of contributory negligence which precludes a recovery for the negligence of another which contributed to the injury."

In the case of Pettes v. Jones, supra [41 N.M. 167, 66 P.2d 972], the Court said:

"The violation of a statutory standard of conduct is negligence per se. By this expression is not meant that a new kind of negligence has been created. It is a process by which the existence of negligence is to be ascertained."

This thought is elaborated in Platt v. Southern Photo Material Co., 4 Ga.App. 159, 60 S.E. 1068-1070.

The appellee contends that appellant was not entitled to have the court instruct on the ordinance regulating the speed limit on Gold Avenue in the village of Deming for the reason that said ordinance was not relied on as a defense, and urges that in order for a party to base his cause of action or his defense on a municipal ordinance, the ordinance must be pleaded.

We do not question that under the practice in most states, where a cause of action is based on an ordinance, so that if it were not for the ordinance no cause of action would exist, the ordinance must be pleaded. The reason for this, of course, is that in such a case the existence of the ordinance is an ultimate fact, and judicial notice not being taken thereof, it must be pleaded the same as any other ultimate fact. The ultimate fact in the case at bar was the appellee's negligence, and proof of the violation of the ordinance was merely evidence of such negligence.

In reviewing the cases cited by appellee we find that they are not applicable to the case at bar. The cases cited are where municipal ordinances are relied on as supplying the cause of action, or as constituting the ground of defense.

It will be noted that notwithstanding the fact that neither the appellant nor appellee pleaded the ordinance, or relied upon it either as a cause of action or as a defense, nevertheless, appellee offered and introduced it in evidence, and it was admitted without objection on the part of appellant; and that apparently appellee desired to take advantage of the provisions regulating parking on the streets of the village of Deming.

Upon the question whether proof of the violation of a city ordinance, although negligence per se, is an evidentiary rather than ultimate fact, we held in Valdez v. Azar Bros., 33 N.M. 230, 264 P. 962, 964:

"Where several causes of action are united in a complaint, they should be separately stated, with the relief sought for each, so they 'may be intelligibly distinguished.' Code 1915, § 4105. But it is to be doubted if there are several causes of action in the present complaint. There is but one set of facts. But one recovery

could be had. The damages are the same. The only difference is one of theory. A complaint must contain 'a statement of facts constituting the cause of action, in ordinary and concise language.' Code 1915, § 4104. But the Code does not require the pleader to set forth the theory on which he relies."

In the case of Mayfield v. Crowdus, 38 N.M. 471, 35 P.2d 291, 296, the plaintiff plead negligence in the violation of a city ordinance requiring automobiles to stop at a certain street intersection. The applicability of the ordinance to the intersection in question was doubtful but the existence of a stop sign at the intersection was established. The plaintiff, however, contended that running the stop sign would constitute common law negligence in any event. Upon the question of whether or not this contention constituted a departure from the theory of the complaint, this Court said:

"From what we have said it is apparent that we find without merit the first three points relied upon for reversal. The fourth and last point urged predicates error upon the claim that plaintiff was permitted by the trial court to change the theory of his case. The argument runs that by his complaint, the plaintiff stood upon the authority of the purported Ordinance 165 as giving him favored passage in the intersection at the time in question; that after closing his case and after the trial court had held the ordinance invalid, he shifted his position to a claim of right of way by virtue of the established and maintained stop signs on Alameda boulevard.

"We are not persuaded by this argument. The material issue, for the bearing which it might properly have upon the question of negligence by either party, was whether plaintiff had the right of way. If when entering upon the trial he expected to prove such claim by virtue of the ordinance, but in the course of trial learned he must rely upon the notoriety and custom incident to the established and maintained stop signs, this involved, to be sure, a change in his proof, but not as we consider any change in theory."

This court has adopted the view that in tort actions the ultimate fact is that of negligence, whether per se or common law, and that proof of the violation of a city ordinance is merely one method of establishing that fact.

We believe the general rule as to the necessity of specially pleading an ordinance in a case of this nature is clearly stated in the case of Cragg v. Los Angeles Trust Co., 154 Cal. 663, 98 P. 1063, 1065, 16 Ann.Cas. 1061, wherein the Court observed:

"There can be no doubt under the decisions in this state, and in most of the other states where the question has arisen, that the failure of the defendant to comply with the provisions of the ordinance by hiring and permitting to operate an elevator one who was not licensed was negligence per se."

The court discussed the necessity of pleading the ordinance and stated:

"It is claimed that the court committed several errors on the trial. The ordinance hereinbefore referred to was not alleged in the complaint; plaintiff simply alleging negligence in the manner we have specified. It is urged that it was necessary to plead the ordinance in order to make it available as evidence, and that the trial court therefore erred in admitting it over the objections of defendant. The precise question thus presented appears never to have been decided by this court, but it appears to us that upon elementary principles it was admissible without having been pleaded. The cause of action here alleged was not a violation of the ordinance, but the negligence of the defendant, and the ordinance was simply evidence offered to show such negligence. Under our system of pleading, it is both unnecessary and improper to plead the evidence relied on to establish the ultimate facts essential to a cause of action."

In the case of Brasington v. South Bound R. R. Co., 62 S.C. 325, 40 S.E. 665, 667, 89 Am.St.Rep. 905, an action for damages for injuries for falling into an excavation left unguarded in violation of the provisions of an ordinance where the complaint simply alleged negligence in leaving the excavation unguarded and did not properly allege the existence of any ordinance, it was held that the ordinance was admissible to show the alleged negligence, and the court quoted approvingly from an earlier case as follows:

"This is not an action to enforce the performance of any duty imposed by an ordinance of the city of Charleston, or to enforce the payment of any tax or penalty imposed by such ordinance, but the cause of action here is the negligence of the defendant company, resulting in the death of the intestate, and the ordinances of the city are only referred to as showing such negligence."

In the case of Bragg v. Met. St. Ry. Co., 192 Mo. 331, 350, 91 S.W. 527, 532, where a similar question was presented, it was said:

"Should it (the ordinance) be excluded because not pleaded? We think not. Where a suit is based on an ordinance, it should be pleaded, * * * but, where the ordinance is merely sought to be introduced as an evidential fact, it would seem, on principle, that it need not be pleaded. And this is so because it is necessary to plead only the ultimate and substantial facts necessary to constitute the cause of action."

See, also, Riley v. Wabash, etc., Ry. Co., 18 Mo.App. 385; Opitz v. Schenck, 178 Cal. 636, 174 P. 40; Hofstedt v. So. Pac. Co., Cal.App., 1 P.2d 470.

The appellee having offered the ordinance in evidence generally, and the same having been considered by the jury, he cannot now be heard to say that under the pleadings the ordinance was inadmissible or that it was not competent evidence for the jury's consideration in determining the negligence of the appellee.

See In re Madison (Appeal of Marron), 32 N.M. 252, 255 P. 630; Romero v. Hopewell, 28 N.M. 259, 210 P. 231; Baca v. Ojo del Espiritu Santo Co., 28 N.M. 507, 214 P. 767. Also, Davis v. Wakelee, 156 U.S. 680, 15 S.Ct. 555, 39 L.Ed. 578; Gibson v. Gaines, 198 Ala. 583, 73 So. 929; and 10 R.C.L. 698.

There yet remains the question whether the trial court erred in refusing to give appellant's instructions Nos. 1 and 3.

■ It must be borne in mind that contributory negligence being an affirmative defense, the burden of establishing it rested upon the appellant to show that appellee violated this ordinance, and that such violation contributed proximately to his injuries.

The appellant introduced evidence to show that the truck and trailer at the time of the collision, together with the load it had on it weighed 36,300 pounds; and that the impact of the collision was sufficiently severe to push it sideways about six inches, indicating that appellee was travelling at a high rate of speed.

The appellant claims error in the trial court's refusal to instruct the jury upon its theory that, at and just prior to the accident, the appellee was driving his automobile in excess of the speed allowed by the ordinance and that such action on his part constituted negligence per se contributing proximately to the accident complained of and to the damages resulting therefrom.

■ It is well settled in this jurisdiction that it is reversible error for the court to refuse to instruct the jury upon the theory of the party requesting same, provided such theory is pleaded and supported by evidence. See Cerrillos Coal R. Co. v. Deserant, 9 N.M. 49, 49 P. 807; Salazar v. Garde, 35 N.M. 353, 298 P. 661; Southern Pacific Co. v. Stephens, 36 N.M. 10, 6 P.2d 934; Larsen v. Bliss, 43 N.M. 265, 91 P.2d 811; also see Omaha St. Ry. Co. v. Boesen, 68 Neb. 437, 94 N.W. 619; Mentz v. Omaha & C. B. St. R. Co., 103 Neb. 216, 170 N.W. 889, 173 N.W. 478; Johnson v. Harris, 166 Okl. 23, 25 P.2d 1072.

As the question of negligence on the part of the appellant was one of fact for the jury to determine under all the circumstances of the case and proper instructions from the Court, so also the question whether there was negligence on the part of the appellee which contributed proximately to the injury, was likewise one of fact for the jury to determine under proper instructions. The determination of what was such contributory negligence on the part of the appellee as would defeat his case, or perhaps, more accurately speaking, whether at or just prior to the collision, the appellee was driving his automobile at an unlawful rate of speed, and whether such excessive speed contributed proximately to the plaintiff's injury, were questions of fact to be determined by the jury.

■ Tendered instructions Nos. 1 and 3 obviously were requested for the purpose of stating the theory of appellant.

We have carefully examined all of the instructions given and considered them in connection with the ones requested. We conclude that the jury was not fully and fairly instructed as to the law regarding appellant's theory.

For the reasons stated, the judgment will have to be reversed, and the cause will be remanded to the district court, with directions to grant a new trial, and

It is so ordered.

MABRY, C. J., and SADLER, BICKLEY, and BRICE, JJ., concur.